In The United States District Court
For The Middle District Of Georgia
Macon Division

James Manuel Phillips, Jr.
G.D.C. # 681762
          Plaintiff

vs

Governor, State of Georgia,
Nathan Deal; Commisioner,
Ga. Dept. of Corr's, Bryan
Owens; Warden, Dooly State
Prison, Tom Gramiak; Warden,
Dooly State Prison, Glen Johnson;
Sgt., Dooly State Prison, Taylor
(1st name unknown); Sgt., Dooly
State Prison, Lester (1st name
unknown); Sgt. Temple (1st name
unknown); Lt., Dooly State
Prison, Horsey (1st name unknown);
Lt., Dooly State Prison, Harrell
(1st name unknown); Unit Manager,
Dooly State Prison, McClean (1st
name unknown); Dr., Taylor
Regional Hospital, Richard
Oster; Taylor Regional Hospital,
Hawkinsville, Ga.; And Unknown
Others, All in their Official
and/or individual capacities.
          Defendants

Amended Complaint

No: 5:15-cv-00249

(Per Court Order)


"Caption"


Cover

Revision 2007

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### MACON DIVISION

## QUESTIONNAIRE FOR PRISONERS PROCEEDING
## PRO SE UNDER 42 U.S.C. §1983

Mr. James Manuel Phillips, Jr.

G.D.C. #681762

_____

_____

(GIVE FULL NAME AND PRISON NUMBER OF PLAINTIFF)

Plaintiff

VS.

Governor Nathan Deal
And others in their
official and/or indi-
vidual capacities

(NAME OF EACH DEFENDANT)

Defendant(s)

(See Attachment "A")
I have 13 defendants
Known and Unknown.

Amended Complaint

NO. 5:15-cv-00249

Tort

## I. GENERAL INFORMATION

1. Your full name and prison number __James Manuel Phillips Jr. 681762__

2. Name and location of prison where you are now confined __Dooly State Prison,__
__1412 Plunkett Rd., P.O. Box 750, Unadilla, GA, 31091__

3. Sentence you are now serving (how long?) __Twenty Years__

   (a) What were you convicted of? __N/A__

   (b) Name and location of court which imposed sentence __N/A__

   (c) When was sentence imposed? __March 2000 Runs from 99__

   (d) Did you appeal your sentence and/or conviction?  ☒ Yes  ☐ No

   (e) What was the result of your appeal? __N/A__

   (f) Approximate date your sentence will be completed __May 2019__

Pg. 1

In The United States District Court
For The Middle District Of Georgia
Macon Division

James Manuel Phillips, Jr.
G.D.C. #681762

            Plaintiff

      vs

Governor, State of Georgia,
Nathan Deal; Commisioner,
Ga. Dept. of Corr's, Bryan
Owens; Warden, Dooly
State Prison, Tom Gramiak
And Glen Johnson; Sgt's
Taylor, Lester & Temple;
Lt.'s, Horsey & Harrell;
Unit Manager, McClain
(1st names unknown) All
of Dooly State Prison;
Dr. Richard Oster of
Taylor Regional Hospital;
Taylor Regional Hospital.
All in their individual
and/or official capacities.

            Defendants

Amended Complaint

No: 5:15-cv-00249

(Per Court Order)

"Caption"

                                        Cover

Revision 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

QUESTIONNAIRE FOR PRISONERS PROCEEDING
PRO SE UNDER 42 U.S.C. §1983

James Manuel Phillips, Jr.
G.D.C. #681762

_____

(GIVE FULL NAME AND PRISON NUMBER OF PLAINTIFF)

Plaintiff

VS.

Governor, Nathan Deal;
Commissioner, Georgia
Department of Corrections,
Bryan Owens, et al.

(NAME OF EACH DEFENDANT)

See Attachment "A" for a
complete list.

Amended Complaint

NO. 5:15-cv-00249

(Per Court Order)

Defendant(s)

I. GENERAL INFORMATION

1. Your full name and prison number James Manuel Phillips, Jr. #681762

2. Name and location of prison where you are now confined Dooly State Prison,
1412 Plunkett Road, P.O. Box 750, Unadilla, Ga. 31091

3. Sentence you are now serving (how long?) N/A Twenty Years

   (a) What were you convicted of? N/A O.C.G.A. §16-6-4 under
   O.C.G.A. §17-10-7(c) (Douglas Co. Case 99CR1465)

   (b) Name and location of court which imposed sentence N/A Douglas County
   Superior Court, Douglasville Georgia.

   (c) When was sentence imposed? March 2000 N/A

   (d) Did you appeal your sentence and/or conviction? ☒ Yes   ☐ No

   (e) What was the result of your appeal? 5 of 6 felony counts over-
   turned for insufficient evidence. N/A

   (f) Approximate date your sentence will be completed May 2019 N/A

Pg. 1

## II. PREVIOUS LAWSUITS

4. Other than the appeal of your conviction or sentence, have you ever submitted a lawsuit for filing in any federal or state court dealing with the SAME FACTS involved in this lawsuit or otherwise related to your imprisonment?  ☒ Yes  ☐ No

5. If your answer to question 4. is "Yes," list that lawsuit below, giving the following information: (IF YOU HAVE FILED MORE THAN ONE LAWSUIT, LIST OTHER LAWSUITS ON A SEPARATE SHEET OF PAPER, GIVING THE SAME INFORMATION FOR EACH)

    (a) Parties to the previous lawsuit INVOLVING SAME FACTS:

       Plaintiff(s): _SAME As Above (See Attachment "A")_

       Defendant(s): _SAME As Above (See Attachment "A")_

    (b) Name of Court: _See Attachment "B" (Multiple cases)_

    (c) Docket Number: _See Attachment "B"_  When did you file this lawsuit? _Concurrent w/this_

    (d) Name of judge assigned to case: _See Attachment "B"_

    (e) Is this case still pending ☒ Yes  ☐ No

    (f) If your answer to (e) is "No," when was it disposed of and what were the results? (DID YOU WIN? WAS THE CASE DISMISSED? DID YOU APPEAL?) _N/A_

6. Have you ever submitted a lawsuit for filing in any federal or state court dealing with facts OTHER THAN those involved in this lawsuit?  ☒ Yes  ☐ No

7. If your answer to question 6. is "Yes," list that lawsuit below, giving the following information: (IF YOU HAVE FILED MORE THAN ONE LAWSUIT, LIST OTHER LAWSUITS ON A SEPARATE SHEET OF PAPER, GIVING THE SAME INFORMATION FOR EACH)

    (a) Parties to the previous lawsuit:

       Plaintiff(s): _James Manuel Phillips, Jr._

       Defendant(s): _Warden (2254 habeas corpus)_

    (b) Name of Court: _U.S. Dist. Court Northern Dist. Atlanta_

    (c) Docket Number: _1:09-cv-1855_  When did you file this lawsuit? _2009_

Pg. 2

(d)   Name of judge assigned to case: Hon. Timothy C. Batten Sr.

(e)   Is this case still pending ☒ Yes ☒ No Currently on Appeal

(f)   If your answer to (e) is "No," when was it disposed of and what were the results?
(DID YOU WIN? WAS THE CASE DISMISSED? DID YOU APPEAL?)   N/A

8. AS TO <u>ANY</u> LAWSUIT FILED IN <u>ANY</u> FEDERAL COURT in which you were permitted to proceed *in forma pauperis*, was any suit dismissed on the ground that it was frivolous, malicious, or failed to state a claim? ☒ Yes   ☒ No

If your answer is Yes, state the name of the court and docket number as to each case: See Above Case ——— I was erroneously denied in forma pauperis, and a certificate of appealability, but 11th circuit granted both as I had stated the correct elements and had Ø funds. Appeal No: 14-11910-F

## III. PLACE OF INCIDENT COMPLAINED ABOUT

9. Where did the matters you complain about in this lawsuit take place? Dooly State Prison, Taylor Regional Hospital, Hawkinsville GA.

(a)   Does this institution have a grievance procedure? ☒ Yes ☐ No

(b)   If your answer to question 9(a) is "Yes," answer the following:

(1)   Did you present your complaint(s) herein to the institution as a grievance?
☒ Yes   ☒ No

(2) If Yes, what was the result? Some were denied, some were not accepted, some were put in limbo or just vanished. Useless procedure. Dooly does not follow S.O.P.!

(3) If No, explain why not: N/A — most of the time the counselor refuses to accept them. And that is when it's even possible to see one of them. (See Attachment "C" and "D").

Pg. 3

(c) What, if anything else, did you do or attempt to do to bring your complaint(s) to the attention of prison officials? Give dates and places and the names of persons talked to.

Dates, places and Names are too numerous to state and over a period of years. However, I have submitted what I have as Attachments, "D".

(d) Did you appeal any denial of your grievance to the highest level possible in the prison system?   ☒ Yes   ☐ No

(1) If Yes, to whom did you appeal and what was the result? As per policy: Warden, then Atlanta when it was possible. Always denied since 2000

(2) If No, explain why you did not appeal: Only because I wasn't given an appeal form or not allowed. Sometimes they won't accept grievances. I also have incomplete records. (see Attachments "C" and "D").

10. In what other institutions have you been confined? Give dates of entry and exit.

Nevada State Prison 1985 - 1991? ; Georgia State Prison 1992 - 1993?, 2000 to present.

## IV. PARTIES TO THIS LAWSUIT

11. List your CURRENT place of incarceration/mailing address.

Dooly State Prison         (Do you need other addresses ?)
1412 Plunkett Road
P.O. Box 750
Unadilla, Ga. 31091-0750

12. List the full name, the official position, and the place of employment of each defendant in this lawsuit. (ATTACH ADDITIONAL PAGES IF NECESSARY)

Gov. Nathan Deal; Bryan Owens, Commissioner, Ga. Dept. of Corrections; Tom Grammik, Warden, Dooly State Prison; Dr. Richard Oster; Taylor Regional Hospital; Glen Johnson, Warden, Dooly State Prison; Unknown Staff of Dooly State Prison; Sgt. Taylor, Sgt. Lester, Sgt. Temple, Lt. Horsey of Dooly State Prison. (Officially and Individually).
(See Attachment "A")

Pg. 4

## V. STATEMENT OF CLAIM

13. In the space hereafter provided, and on separate sheets of paper, if necessary, set forth your claims and contentions against the defendant(s) you have named herein. Tell the court WHAT you contend happened to you, WHEN the incident(s) you complain about occurred, WHERE the incident(s) took place, HOW your constitutional rights were violated, and WHO violated them? Describe how each defendant was involved, including the names of other persons who were also involved. If you have more than one claim, number and set forth each claim SEPARATELY.

DO NOT GIVE ANY LEGAL ARGUMENT OR CITE ANY CASES OR STATUTES AT THIS TIME; if such is needed at a later time, the court will advise you of this and will afford you sufficient time to make such arguments. KEEP IN MIND THAT RULE 8 OF THE FEDERAL RULES OF CIVIL PROCEDURE REQUIRES THAT PLEADINGS BE SIMPLE, CONCISE, AND DIRECT! If the court needs additional information from you, you will be notified.

WHERE did the incident you are complaining about occur? That is, at what institution or institutions? Dooly State Prison And Taylor Regional Hospital

WHEN do you allege this incident took place? From Feb. 2013 till June 15, 2015.

**Claim 1** WHAT happened? It all starts when I arrived At Dooly State Prison on 2/28/2013. Since I was put in prison in the year 2000, I started to obtain legal books to fight my illegal conviction. At present, I am in the 11th Circuit Court of Appeals. When I arrived here, my GA. Criminal Trial Practice And accompanying Handbook On Criminal Evidence, my State Directory, my Roget's Thesaurus, And one or two other books, all of which traveled from Ware S.P. to Wilcox S.P., And Jenkins private prison, but were — under duress — taken from me by Sgt. Temple And two other officers. (I believe one was was called Arnold or maybe Farmer). These three officers took me into the shower room And closed a curtin so nobody could see. Sgt. Temple stood in front of me with the other two on either side And proceeded to threaten or intimidate me because I had refused to sign A paper to have my books sent out or picked-up. I signed the paper under this duress.

(cont. in attachments) Pg. 5
Attachment "E"

14. List the name and address of every person you believe was a WITNESS to the incident(s) you complain about, BRIEFLY stating what you believe each person knows from having seen or heard what happened. (USE ADDITIONAL SHEETS, IF NECESSARY)

There were several people that arrived with me but I have been unable to obtain their names from the prison. And as for Taylor Regional Hospital, there are two officers that attempted to get the Nurse to talk to the doctor who are witnesses but (See Attachments) "F"

15. BRIEFLY state exactly what you want the court to do for you. That is, what kind of relief are you seeking in this lawsuit? Do not make any legal arguments and do not cite any cases or statutes! (USE ADDITIONAL SHEETS, IF NECESSARY)

I would like my books returned if possible. I would like Dr. Richard Oster and/or Taylor Regional Hospital punished by law and/or Recompense as allowed by law. I also don't think Dr. Oster should be Allowed to practice ~~medine~~ medicine for at least some period of time. And as to "ETS", I would like an injunction such as putting me in a two-man cell with a known non-smoker because

16. You may attach additional pages if you wish to make any legal argument. However, legal arguments are NOT required in order for you to obtain relief under §1983. If the court desires legal argument from you, it will request it. If any defendant presents a legal argument, you will be afforded an opportunity to respond thereto. (See Attachment "G")

17. KEEP IN MIND THAT ONCE YOUR LAWSUIT IS FILED, THE COURT WILL REQUIRE YOU TO DILIGENTLY PROSECUTE IT. That means that you will be required to go forward with your case without delay. Thus, if you fail to adequately prepare your case before you file it, you may find your lawsuit dismissed for failure to prosecute if you take no action once it is filed. YOU WILL RECEIVE NO FURTHER INSTRUCTIONS FROM THE COURT TELLING YOU WHAT TO DO OR HOW TO DO IT! IT IS YOUR RESPONSIBILITY AND YOURS ALONE TO PROSECUTE YOUR OWN CASE! If you fail to prosecute your case, it will be dismissed under Rule 41 of the Federal Rules of Civil Procedure.

Signed this 17th day of August, 20 15.

PLAINTIFF
By Affirmation
1 U.S.C. §1

Pg-6

# Attachment "A"

1. Governor, State of Georgia, Nathan Deal
2. Commisioner, Ga. Dept. of Corr's, Bryan Owens
3. Warden, Dooly State Prison, Tom Gramiak
4. Warden, Dooly State Prison, Glen Johnson
5. Sgt., Dooly State Prison, Taylor (1st name unknown)
6. Sgt., Dooly State Prison, Lester (1st name unknown)
7. Sgt., Dooly State Prison, Temple (1st name unknown)
8. Lt., Dooly State Prison, Horsey (1st name unknown)
9. Lt., Dooly State Prison, Harrell (1st name unknown)
10. Unit Manager, Dooly State Prison, McClean (1st name unknown)
11. Dr., Taylor Regional Hospital, Richard Oster
12. Taylor Regional Hospital, Hawkinsville Ga.
13. And unknown others.

Note:
 In their official and/or individual capacities.

Pg. 7

# Attachment "B"

Case Number: 15DV-0089
Dooly County Superior Court
Judge T. Christopher Hughes

Case Number: 2015-V-112998-L or 112924-K or
112988-L (They've given me three so far, ?)
Houston County Superior Court
Judge Edward D. Lukemire (probably)


Note:
   "Dooly" is on ETS (environmental tobacco smoke)
and "Houston" is about Dr. Richard Oster, I filed
as to jurisdiction. My federal case covers
both aspects.

## Attachment "C"

Please Also Note my Attachments filed with the complaint:

## Attachments

"B" — "C" — "D" — "G" — "I" — "K" (origional complaint)

Note:

I <u>do not</u> have copies of the Attachments. I am unable to obtains copies through the prison As I am indigent.

Pg. 9

*CONFIDENTIAL*
Offender GRIEVANCE FORM (Facsimile)


(Copy)

Attachment 1
SOP IIB05-0001

---

**INSTITUTIONAL STAFF USE ONLY**

OFFENDER NAME **James Manuel Phillips, Jr.**          OFFENDER NUMBER **681762**

INSTITUTION **Dooly State Prison**

GRIEVANCE NUMBER _____

DATE COMPLETED FORM RECEIVED FROM OFFENDER ___/___/___ BY _____

DATE APPEAL RECEIVED _____/_____/_____          BY _____

---

THIS FORM MUST BE COMPLETED IN INK. YOU MUST INCLUDE SPECIFIC INFORMATION CONCERNING YOUR GRIEVANCE TO INCLUDE DATES, NAMES OF PERSONS INVOLVED, AND WITNESSES.

DESCRIPTION OF INCIDENT: **Continuing, My last straw was today 8-3-2015 at Approx. 1730hrs. when I was given a diet tray (2600cal.?) with nothing but a little chicken and rice, cole-slaw, and some beans. Nothing else! I get a 2600cal. diet snack also. Yesterday, no milk, no fruit. And several other days rotten bannas (sic) with the cearl (sic) and milk. Today I shoved the tray back out and I was threatened.**

RESOLUTION REQUESTED: **Get me my proper and correct diet for a 2600 cal. diet with the proper food and amounts. And see that the ordearlies do not retaliate after threatening me.**

---

**James M. Phillips, Jr. by Affirmation Aug, 3, 2015**
OFFENDER Signature          **1U6C81**          Date

*Is this grievance being filed within 10 day time limit? Please answer ● Yes or ○ No. If the answer is No, please explain why.*

---

**RECEIPT FOR GRIEVANCE AT COUNSELOR'S LEVEL**

OFFENDER'S NAME **James Manuel Phillips, Jr.**          I.D. #: **681762**

ACKNOWLEDGE RECEIPT OF GRIEVANCE FORM FROM THE ABOVE OFFENDER.

DATE: ___/___/___          COUNSELOR'S SIGNATURE: **Would not Accept**
                                    **Original sent to Atlanta**

RETENTION SCHEDULE: Upon completion of this form, it will be placed in a file in the Grievance coordinator's office.          PI-2001 (REV.10/01/98)

**"Copy filed"**          **Pg.9-1**

"Copy Filed"

**CONFIDENTIAL**
Offender GRIEVANCE FORM (Facsimile)

*Copy*

Attachment 1
SOP IIB05-0001

INSTITUTIONAL STAFF USE ONLY

OFFENDER NAME **James Manuel Phillips, Jr.**   OFFENDER NUMBER **681762**

INSTITUTION **Dooly State Prison**   GRIEVANCE NUMBER _____

DATE COMPLETED FORM RECEIVED FROM OFFENDER ___/___/___ BY _____

DATE APPEAL RECEIVED ___/___/___   BY _____

THIS FORM MUST BE COMPLETED IN INK. YOU MUST INCLUDE SPECIFIC INFORMATION CONCERNING YOUR GRIEVANCE TO INCLUDE DATES,
NAMES OF PERSONS INVOLVED, AND WITNESSES.

DESCRIPTION OF INCIDENT: On July 29, 2015 at 1057hrs, I attempted to file (3)
Three grievances with "Chief Counselor". He refused to accept them
contrary to S.O.P. He only accepted (2) two without a reason. He
did not give me a receipt. I asked for them and he ignored me. Then
I asked for his name and he refused to give it to me, I asked again
and he smirked and said "Chief Counselor".

RESOLUTION REQUESTED: The "Chief Counselor" should be properly instructed
on grievance protocall and trained to act professionally rather than
in a confrontational and condescending manner. Further, he should
accept all grievances according to S.O.P. IIB05-0001(D)(3). The
"Grievance Coordinator" determins a recomendation to reject
or not, (S.O.P. IIB05-0001(D)(5)(a)). Then the Warden has the
final say-so, (S.O.P. IIB05-001(5)(6)(4)). Not the counselor.

_____   July 29, 2015
OFFENDER Signature          Date
By Affirmation 1 U.S.C §1

Is this grievance being filed within 10 day time limit? Please answer ● Yes or O No. If the answer is No, please explain why.

-------------------------------------------------------------

RECEIPT FOR GRIEVANCE AT COUNSELOR'S LEVEL

OFFENDER'S NAME: **James Manuel Phillips, Jr.**   I.D. #: **681762**

ACKNOWLEDGE RECEIPT OF GRIEVANCE FORM FROM THE ABOVE OFFENDER.

DATE: ___/___/___   COUNSELOR'S SIGNATURE: Would not Accept
Original sent to Atlanta

RETENTION SCHEDULE: Upon completion of this form, it will be placed in a file in the Grievance coordinator's office.   PI-2001 (REV.10/01/98)   Pg.9-2

"Copy Filed"

**RECEIPT FOR GRIEVANCE AT COUNSELOR'S LEVEL**

FFENDER'S NAME: _James Manuel Phillips, Jr._   I.D. #: _681762_

ACKNOWLEDGE RECEIPT OF GRIEVANCE FORM FROM THE ABOVE OFFENDER.

ATE: _7, 29 15_   COUNSELOR'S SIGNATURE: _CWC_

ETENTION SCHEDULE: Upon completion of this form, it will be placed in a file in the Grievance coordinator's office.

_PI-2001 (REV.10/01/98)_

"Copy on file"

Pg.9-3

"Copy on file"

*CONFIDENTIAL*
Offender GRIEVANCE FORM (Facsimile)

*COPY*

Attachment 1
SOP IIB05-0001

| INSTITUTIONAL STAFF USE ONLY | |
| --- | --- |
| OFFENDER NAME James Manuel Phillips, Jr. | OFFENDER NUMBER 681762 |
| INSTITUTION Dooly State Prison | GRIEVANCE NUMBER |
| DATE COMPLETED FORM RECEIVED FROM OFFENDER ___/___/___ | BY |
| DATE APPEAL RECEIVED ___/___/___ | BY |

**THIS FORM MUST BE COMPLETED IN INK. YOU MUST INCLUDE SPECIFIC INFORMATION CONCERNING YOUR GRIEVANCE TO INCLUDE DATES, NAMES OF PERSONS INVOLVED, AND WITNESSES.**

DESCRIPTION OF INCIDENT: On June 15, 2015 I requested "Protective Custody" I have requested it again two more times and I wrote a witness state to Lt. Harrell. I ask now for P.C., All I have received for my requests is a D.R. for failure to follow. I want P.C. not punishment for asking for protection from secondhand cigarette and inmate's.

RESOLUTION REQUESTED: Put me in P.C. or put me in a two-man cell with a non-smoking inmate who will not threaten me because I ask him not to smoke around me and because he doesn't want "heat" on him or the dorm because of my complaints to officers and admin.

*James M. Phillips Jr.*                    July 27, 2015

OFFENDER Signature                                    Date

*Is this grievance being filed within 10 day time limit? Please answer ● Yes or ○ No. If the answer is No, please explain why.*

---

RECEIPT FOR GRIEVANCE AT COUNSELOR'S LEVEL

OFFENDER'S NAME: James Manuel Phillips, Jr.                    I.D. #: 681762

ACKNOWLEDGE RECEIPT OF GRIEVANCE FORM FROM THE ABOVE OFFENDER.

DATE: ___/___/___        COUNSELOR'S SIGNATURE: Accepted No Receipt

RETENTION SCHEDULE: Upon completion of this form, it will be placed in a file in the Grievance coordinator's office.        PI-2001 (REV.10/01/98)        Pg. 9-3A

"Copy on file"

"Copy filed"

CONFIDENTIAL
Offender GRIEVANCE FORM (Facsimile)

COPY

Attachment 1
SOP IIB05-0001

**INSTITUTIONAL STAFF USE ONLY**

OFFENDER NAME James Manuel Phillips Jr.   OFFENDER NUMBER 681762

INSTITUTION Dooly State Prison   GRIEVANCE NUMBER _____

DATE COMPLETED FORM RECEIVED FROM OFFENDER __/__/__ BY _____

DATE APPEAL RECEIVED _____/___/___ BY _____

THIS FORM MUST BE COMPLETED IN INK. YOU MUST INCLUDE SPECIFIC INFORMATION CONCERNING YOUR GRIEVANCE TO INCLUDE DATES, NAMES OF PERSONS INVOLVED, AND WITNESSES.

DESCRIPTION OF INCIDENT: On July 24th 2015 I did not Receive my 2600cal. diabetic snack after evening chow. This is not the first time this has happened. I am 62 yrs. old, on the top bunk and I get dizzy and could fall off the bunk without eating properly. I need my snack for medical reasons. I am also having trouble getting my 2600 cal. trays.

RESOLUTION REQUESTED: Inform Kitchen staff to send me the proper 2600 cal. diet every day and see that I get it everyday. Make notes, make lists, do something about it. I am also a heart patient and need a proper diet. Please fix this.

Yung Mr. Phillips Jr./by affirmation (1 USC §1)   July 24, 2015
OFFENDER Signature                                    Date

*Is this grievance being filed within 10 day time limit? Please answer* ● *Yes* or O *No. If the answer is No, please explain why.*

**RECEIPT FOR GRIEVANCE AT COUNSELOR'S LEVEL**

OFFENDER'S NAME: James Manuel Phillips, Jr.   I.D. #: 681762

ACKNOWLEDGE RECEIPT OF GRIEVANCE FORM FROM THE ABOVE OFFENDER.

DATE: ___/___/___   COUNSELOR'S SIGNATURE: _____

RETENTION SCHEDULE: Upon completion of this form, it will be placed in a file in the Grievance coordinator's office.   PI-2001 (REV.10/01/98)

Pg. 9-4

"Copy filed"

"Copy filed"

*CONFIDENTIAL*
Offender GRIEVANCE FORM (Facsimile)

"Copy"

Attachment 1
SOP IIB05-0001

| INSTITUTIONAL STAFF USE ONLY | |
|---|---|
| OFFENDER NAME James Manuel Phillips Jr. OFFENDER NUMBER 681762 | |
| INSTITUTION Dooly State Prison | GRIEVANCE NUMBER |
| DATE COMPLETED FORM RECEIVED FROM OFFENDER ___/___/___ BY | |
| DATE APPEAL RECEIVED ___/___/___ BY | |

THIS FORM MUST BE COMPLETED IN INK. YOU MUST INCLUDE SPECIFIC INFORMATION CONCERNING YOUR GRIEVANCE TO INCLUDE DATES, NAMES OF PERSONS INVOLVED, AND WITNESSES.

DESCRIPTION OF INCIDENT: On July 21st and 22nd I did not receive my lunch tray with everyone else. I get the 2600 cal. diabetic tray. I get low blood sugar and I get dizzy. I am 62 with a bottom bunk profile but I'm on the top bunk. I also have heart problems. I really need my food when everyone else gets their's. I can't wait for hours beyond time to eat to get my trays.

RESOLUTION REQUESTED: I would like to get my trays along with the others, I do not want to become dizzy and fall off the top bunk! Please see that I get my food without waiting hours after everyone else. I believe the problem is with the kitchen staff, not the unit officers, but it could be also with the orderlies, I don't know. I just need my trays.

OFFENDER Signature: _James M. Phillips Jr._     Date: July 22, 2015

*Is this grievance being filed within 10 day time limit? Please answer ● Yes or O No. If the answer is No, please explain why.*

------------------------------------------------------------
**RECEIPT FOR GRIEVANCE AT COUNSELOR'S LEVEL**

OFFENDER'S NAME: James Manuel Phillips Jr.     I.D. #: 681762

I ACKNOWLEDGE RECEIPT OF GRIEVANCE FORM FROM THE ABOVE OFFENDER.

DATE: ___/___/___     COUNSELOR'S SIGNATURE: _Refused to accept_ JMP
_Original sent to Atlanta_     PI-2001 (REV.10/01/98)

RETENTION SCHEDULE: Upon completion of this form, it will be placed in a file in the Grievance coordinator's office.

"Copy filed"     Pg. 9-5

Date: July 21, 2015

To: Chief Counselor

From: James Manuel Phillips Jr.
G.D.C. #681762/J-1-123

RE: Grievance Procedure

Dear Chief Counselor,

On June 17, 2015 I filed 3 grievances here in segregation and I have yet to receive a receipt. I filed a 4th grievance and made a copy. I have yet to receive a receipt for this one either.

Now, I have a 5th grievance that I request to file with you in person and recieve a receipt from you at that time. Will you please come to J-1-123.

Respectfully Requested,

James M. Phillips Jr.

JMP

cc: File; U.S. Dist. Court (Macon)

Pg. 9-6

*CONFIDENTIAL*
Offender GRIEVANCE FORM (Facsimile)

*Copy*

Attachment 1
SOP IIB05-0001

**INSTITUTIONAL STAFF USE ONLY**

OFFENDER NAME James Manuel Phillips Jr.     OFFENDER NUMBER 681762

INSTITUTION Dooly S. P.

GRIEVANCE NUMBER _____

DATE COMPLETED FORM RECEIVED FROM OFFENDER ___/___/___ BY _____

DATE APPEAL RECEIVED _____/_____/_____

BY _____

THIS FORM MUST BE COMPLETED IN INK. YOU MUST INCLUDE SPECIFIC INFORMATION CONCERNING YOUR GRIEVANCE TO INCLUDE DATES, NAMES OF PERSONS INVOLVED, AND WITNESSES.

DESCRIPTION OF INCIDENT: On 6/30/2015 at approx. 1030 hrs. I was given a tray w/a small amount of turkey on a flour tortilla. I told the C/O it was not a 2600 cal. tray. He refused to get the correct tray which is twice the amount of turkey and slice bread instead of a tortilla. He said the kitchen said this was right. It is not! Please check the diet menu.

RESOLUTION REQUESTED: Give me the correct trays for my 2600 cal. diet.

OFFENDER Signature [signature]                    Date June 30, 2015

*Is this grievance being filed within 10 day time limit? Please answer* ● **Yes** *or* O **No**. *If the answer is No, please explain why.*

**RECEIPT FOR GRIEVANCE AT COUNSELOR'S LEVEL**

OFFENDER'S NAME: James Manuel Phillips Jr.                I.D. #: 681762

I ACKNOWLEDGE RECEIPT OF GRIEVANCE FORM FROM THE ABOVE OFFENDER.

DATE: ___/___/____        COUNSELOR'S SIGNATURE: _____

"Copy Retained"

Original

*CONFIDENTIAL*
Offender GRIEVANCE FORM (Facsimile)

Attachment 1
SOP IIB05-0001

| INSTITUTIONAL STAFF USE ONLY | |
|---|---|
| OFFENDER NAME James Manuel Phillips Jr. | OFFENDER NUMBER 681762 |
| INSTITUTION Dooly State Prison | GRIEVANCE NUMBER |
| DATE COMPLETED FORM RECEIVED FROM OFFENDER __/__/__ BY | |
| DATE APPEAL RECEIVED ___/___/___ BY | |

THIS FORM MUST BE COMPLETED IN INK. YOU MUST INCLUDE SPECIFIC INFORMATION CONCERNING YOUR GRIEVANCE TO INCLUDE DATES, NAMES OF PERSONS INVOLVED, AND WITNESSES.

DESCRIPTION OF INCIDENT: On 05/18/2015 I was denied my "Physician Appt." due to a shakedown on the EAST-side of the Prison. I am on the WEST-side. This is an ongoing problem as I have been trying to make the "Physician Appt." for about one month. It's one sorry excuse after another by K-H officers why I can't go. Today is just another example. MEDICAL Appointments are serious!

RESOLUTION REQUESTED: S.O.P. should be followed, not arbitrary orders. One person has died due to this problem and officers should be instructed that MEDICAL appointments have procedures found in S.O.P. VH30-0003

_(signature)_ Jr.                                May 19, 2015

OFFENDER Signature                               Date

Is this grievance being filed within 10 day time limit? Please answer ● **Yes** or O **No**. If the answer is No, please explain why.

---

RECEIPT FOR GRIEVANCE AT COUNSELOR'S LEVEL

OFFENDER'S NAME: James Manuel Phillips Jr.          I.D. #: 681762

I ACKNOWLEDGE RECEIPT OF GRIEVANCE FORM FROM THE ABOVE OFFENDER.

DATE: ___/___/___   COUNSELOR'S SIGNATURE: Refused

*PI-2001 (REV.10/01/98)*

Pg. 9-8

cc: file; Atlanta



**GEORGIA DEPARTMENT OF CORRECTIONS**
**Inmate Affairs and Ombudsman Unit**
**P.O. Box 1529**
**Forsyth, GA 31029**

**404-656-4661 Call Center**
**478-992-5358 Ombudsman**
**478-992-5359 Fax**

**Nathan Deal**
*Governor*

**Brian Owens**
*Commissioner*

May 07, 2013

PHILLIPS, JAMES MANUEL JR - 681762
Dooly State Prison
P.O. Box 750
Unadilla, Ga. 31091-0750

Dear Mr. Phillips:

This office is in receipt of your letter. We are committed to a policy of addressing your concerns. Policies are set by GDC and are to be adhered to. The Grievance policy has changed. Please speak with your assigned Counselor regarding this matter.

Sincerely,

S. m. fild

Shevondah Fields, Manager
Inmate Affairs and Ombudsman

CC: KIMBERLY LUZIER

Pg. 9-9

## Attachment "D"

See "<u>Complaint</u>" Attachments, (Index Original of Attachments).

<u>Attachments:</u>

"B"——"C"——"D"——"I"——<u>"K"(Non-Defendant)</u>

Note:

   I don't remember everything. See side-effects of the drugs I take. Attachment "L" I think. Or one <u>could</u> see my "Mottion For Consideration" in my 11th Circuit Appeal. Also, I thought my <u>first</u> complanit was complete. Maybe not but the prison <u>Requires</u> the envelopes to be open so they may verify the content.

         by Affirmation
         1 U.S.C-§1

         _[signature]_

Pg. 10

<u>Attachment "E"</u>

<u>Cont. from pg. 5, Sec. V, No. 13</u>

<u>Statement of Claims</u>   (cont.)

These three individuals, Sgt Temple and the two unknown others, denied plaintiff his first, fifth, and fourteenth amendment rights to the U.S. Constitution by the actions. Taking my legal books constructively obstructed my right of access to the courts as well as my under-standing of the law contained in these books, which I believe contributed to my prolonged incarceration as I was unable to properly explain my case in standing.

<u>Claim 2</u>

   The governor of the state of Georgia, Nathan Deal (defendant) effectively allowed this inmate, James Manuel Phillips, Jr., (plaintiff), between February 28, 2013 and June 15, 2015, to have his life and health, as well as further or future health to be endangered by exposure to

Pg. 11

Dooly State Prison Wardens, Tom Gramiak (past) and Glen Johnson (present) ——— (defendants) ——— denied plaintiff's right to "equal protection of the laws" by and through the fourteenth amendment to the U.S. Constitution by not taking reasonable and proper care to insure that the no smoking laws of the U.S. States and Georgia were enforced at Dooly State Prison, and within the Georgia Department of Corrections, and/or to insure that staff were reasonably and properly trained so as to reasonably insure that plaintiff, as well as other inmates would not be exposed to secondhand cigarette smoke. Plaintiff was exposed on a daily basis to secondhand cigarette smoke for over two years at Dooly State Prison. He wrote grievances and letters to the above defendants. They took no known actions to prevent further exposure. And when plaintiff requested protective custody as his ONLY recourse, he was punished. All of the above also violates the eighth amendment to the U.S. Constitution. The above

took place between Feburary 28, 2013 and June 15, 2015 at Dooly State Prison, Plaintiff believes the above failures and lack of action contributed to his June 30, 2013 heart attack as there is no safe level of exposure to secondhand cigarette smoke.

## Claim 4

Due to <u>All</u> of the above defendants lack of action to prevent plaintiff's exposure to secondhand cigarette smoke, as well as their failure to properly train staff, plaintiff was left with no recourse but to ask for protective custody on June 15, 2015. Plaintiff was <u>denied</u> protective custody and ordered by Sgt. Temple to return to the dorm. Plaintiff refused to expose himself further to secondhand cigarette smoke and additional threats from inmates for bringing "HEAT" on the dorm by complaining about the smoke. Cigarettes are sold like drugs with huge profits. I was given a D.R. (disciplinary report) and thereby achieved a form of protection because

I was sent to segragation for punishment. Now, in segragation, I am forced to indure excessive heat with my heart condition. It is very hot and I cannot have a fan because I'm in segragation. I left an air-conditioned building to protect my life and health. There is poor ventilation due either improper training or plain intent. There are three roof exhaust fans, but they are not used properly. Last night August 14, 2015 at about 10:30 pm I was allowed to shower. I was locked in a shower of about 4'x8' with water stuck on. The water tempature is regulated very hot. My guess is about 90°f. and in any case hot enough to create steam. Ventilation in the shower is near nil if not nil. I nearly passed out before I was released. I became dizzy and nearly fell getting out. It's a form of torment, nothing less. Tonight everyone was fed around 5:30 pm. I was not. It is now 9 pm and it doesn't look as if I will be fed.

The guard working now is C/O Richardson, but it was C/O Arnold that failed to feed me with everyone else. However, C/O Richardson <u>was</u> informed that I wasn't fed and he accepted responsibility when they changed shift. I am not writing a grievance as it would do no good. I've written several and they are in Attachment "C". It is also just after 9PM and I just received some sandwiches. I am not supposed to eat "high fat" or "processed meats" such as the bologna I was just given, or the cheese either. This is not only because I'm supposed to be on a low fat, low cholesterol diet, but because I take "Lipitor®". I don't beleive it's the guards fault though, I think it's unknown kitchen staff and the non-existent or improperly trained dietician if in fact there is one. Also, there is very little or no opportunity to exercise due to under-staffing. I was also denied protective custody by Sgt. Taylor and Sgt. Lester and Lt. Horsey just before Sgt. Temple. And Sgt. Taylor and

Sgt. Lester during their 3AM harassment Routine, took the minimal protection I had put up around my bunk to protect myself from the cigarett smoke two out of three Nights in a Row. All of these people violated my eighth amendment U.S. Constitutional Right by their actions or inactions. And violated the fourteenth amendment "equal protection of the laws" by <u>not enforcing</u> the no-smoking laws, and thereby failed to protect plaintiffs life and health as there is no safe level of exposure to secondhand cigarette smoke.

<u>Claim 5</u>

Defendants: "Unit Manager, McClain" and "Lt. Harrell" (1st names unknown) violated my Right to the "equal protection of the laws", as well as my due process Right, in addition to my eighth amendment right to be free from "cruel and unusual punishments". While in segragation I wrote letters to both individuals as they oversee segragation and I informed them of my danger and Requested

Pg. 17

their help getting a two-man non-smoking cell. I'm <u>still</u> in segragation and recieved <u>no</u> response from them what-so-ever. I also asked to be moved to protective custody when my current non-smoking cell-mate was moved after his punishment. Low and behold, I received a smoking cell-mate for my trouble. And no move to protective custody. I'm exposed to smoking even in segragation and they will not move me to protective custody. At least however, the exposure in segragation <u>is</u> minimal, but evenso, there is no safe level of exposure. Also, I <u>did</u> ask Lt. Harrell over two years ago to put me in a two-man non-smoking cell. And I verbally asked Mr. McClain more than once over the last two years.

## Claim 6

Dr. Richard Oster and Taylor Regional Hospital denied this plaintiff his fundamental constitutional right to medical care under the eighth amendment to the U.S. Constitution as Doctor Richard Oster carelessly and recklessly, with total disregard to my apparent serious medical

Need, discharged this plaintiff from Taylor Regional Hospital on June 29, 2013 with no other apparent reason than to save money. Whereupon, plaintiff, due to a <u>total</u> blockage within the heart, had a heart attack, which by mere chance, according to Dr. Bilal R. Khan (Medical Center Central Georgia) did not cause <u>death</u>. Dr. Khan, stated to this plaintiff that had the blockage been on the <u>other</u> <u>side</u> of my heart, I would have died <u>instantly</u>. The heart attack occurred less than six hours after Dr. Orster (sic) canceled the tests that Dr. Perini ordered when he admitted plaintiff to Taylor Regional Hospital, <u>because</u> he was having <u>RECURRENT</u> chest-pain. Dr. Sachdeva, at Dooly State Prison, had ordered Lt. Harrell to call the ambulance that took plaintiff to Taylor Regional after plaintiff, while having chest pain a day or two before, was given an "EKG" and prescribed Nitrostat (Nitroglycerin Sublingual Tablets), 81mg Aspirin, and Imdur (Isosorbide) —— <u>All</u> heart medications —— because plaintiff was <u>still</u> having chest pain, and had <u>been</u> having chest pain. But, just because plaintiff was not having chest pain <u>WITH</u> a nitroglycerin patch <u>ON</u> his chest,

Dr. Oster RELEASED plaintiff even AFTER he BEGGED him not to becase (sic) something was clearly wrong because the only time plaintiff didn't have chest pain was when he had either "Nitro" under his tounge or a "Nitro" patch on his chest. Dr. Oster became Agitated or angry at this so plaintiff backed off and begged for "Nitro" if he was going to be released anyway. Dr. Oster said "this is not A drug store" and released me with nothing. During All this two guards were present, and when the nurse came in to do the release paper work, upon their own initiative, Asked the nurse to please talk to the doctor because something was clearly wrong with me. She told the two officers (NAMES UNKNOWN) she could do nothing as it was up to the doctor. However, the nurse (NAME UNKNOWN) Replaced A used nitro-patch, she had removed for my release, Apparently out of concern. Thus, Dr. Oster violated my Right to the "equal protection of laws" and was the ONLY individual that had no concern what-so-ever for my serious medical need.

Pg. 20

<u>Attachment F</u>

their Names Are not in my medical Record, but I know the prison HAS A Record of <u>All</u> the guards who watched me during my hospital stay. These two were Also the ones that transported me back to prison. The prison will not give me their Names. I tried to get them. Also, the nurses name is not in my medical Record here at "Dooly". I Assume the hospital has that information. I obtained Dr. Osters name from my medical Record At "Dooly". Donald Wise, who paroled out of prison, witnessed what I believe was A stroke just before my heart Attack And knows About my heart Attack And all the smoking. "Abdulla", my bunk-mate at the time of my heart Attack put my shoes and pants on and called the guard. He Also knows of the smoking. I <u>think</u> he's at Macon State Prison. I don't know Any other Name for him. I need prison Records. I can't get Anything without A court order. Same thing for "K" bldg. And A Mr. Wells who knows about everything. Even my Attempt to get P.C. (protective custody).

Attachment "G"

Otherwise, my present and future health would again be put in serious danger of another heart attack.

## Individually

I feel Governor Deal should be ordered to fully enforce the no-smoking laws in State Prisons by any and all reasonable and necessary means as he is tasked by law and the Georgia Constitution. And the general public should be notified of his past failure to do so. And if fines or penalties are appropriate, this action should be taken also.

Commissioner Bryan Owens should be ordered as the governor, and further ordered to insure his staff (wardens et al) are properly trained.

Wardens Gramiak and Jhonson should be ordered to fully and properly enforce all no-smoking laws and insure all staff are properly trained. Also, Warden Johnson should be ordered to place plaintiff in a two-man-non-smoking cell or made to transfer him to a safer prison where all no-smoking laws are enforced. There should be no retaliation toward prison inmate

James Manuel Phillips, Jr. #681762, and this honorable court should make it known that <u>any</u> attempt will be severly punished to the <u>full</u> extent of the law. Both wardens should be ordered to pay reasonable fines and/or penalties to the plaintiff for their failure to take reasonable and proper action to protect plaintiff from exposure from secondhand cigarette smoke after being notified of the danger and/or for their failure to take action because they knew or should have known of the danger.

Sgt. Taylor, Sgt. Lester, and Lt. Horsey, as well as Sgt. Temple, Lt. Harrell and Unit Manager McClain (1st names unknown) should be made to pay fines and/or penalties to plaintiff in the amount of two thousand dollars each for their <u>possible</u> endangerment of plaintiffs life and/or health for their failure to take reasonable and/or proper action to protect plaintiff after his request for protective custody, and for allowing plaintiff to be <u>punished</u> for his request.

Sgt. Temple and the unknown officers who

effectively or figuratively extorted my legal books by threat of physical abuse should be made to either return my books as already requested and/or be made to pay fines and/or penalties in the amount of two thousand dollars each.

Dr. Richard Oster, and Taylor Regional Hospital, should be made to pay fines and/or penalties in the amount of one hundred thousand dollars each for their failure to provide plaintiff with reasonable and proper medical care under the serious circumstances just prior to his heart attack. Further, both should be made to pay *All* furture (sic) medication or heart related procedures necessary for plaintiff's present and future health, whether provided for by the Georgia Dept. of Corrections, the Viet Nam era veterins programs, or otherwise.

All of the above demands or requests should not be limited except where contrary to law. And should not be limited by plaintiff's lack of knowledge of legal rules and procedure, he should be given leeway under the serious circumstances and danger to his life or health.

Phillips, JAMES  E.1-237

OCGA Index is Two(2) Volumes
Containing over 2540 pages...
Request is EXCESSIVE And Not
Required by Court Order..
Please be specific ...

8/19/04

584365

CONFIDENTIAL
**INMATE GRIEVANCE FORM**
Georgia Department of Corrections

SOP IIB05-0001
(Rev. 8/26/03)

| INSTITUTIONAL STAFF ONLY | | |
|---|---|---|
| INMATE NAME Phillips James | INMATE NUMBER EF 141128 | |
| INSTITUTION Telfair State Prison | GRIEVANCE NUMBER | |
| DATE FORM ISSUED TO INMATE 3/16/04 BY Johnnie Nobbett | | |
| DATE COMPLETED FORM RECEIVED FROM INMATE ___/___/___ BY | | |
| DATE APPEAL RECEIVED ___/___/___ BY | | |

THIS FORM MUST BE COMPLETED IN BLUE OR BLACK INK. YOU MUST INCLUDE SPECIFIC INFORMATION CONCERNING YOUR GRIEVANCE TO INCLUDE DATES, NAMES OF PERSONS INVOLVED, AND WITNESSES.

DESCRIPTION OF INCIDENT: On Thursday 08-19-04 I was denied meaningful access to the courts, by Mr. Hamilton by his refusal to allow me access to law indexes, so that I may find the cases I need. When I asked what I was to do in order to find cases, he called me a "smart ass". Also, he told me if I wanted "books", to get off protective custody.

RESOLUTION REQUESTED: I would like access to the O.C.G.A. index.

INMATE'S SIGNATURE _____   DATE 08,19,04

Is this grievance being filed within the 5 day time limit? Please answer Yes or No. If the answer is No, please explain why.

_____

**WARDEN'S / SUPERINTENDENT'S RESPONSE**

WARDEN RECEIVED DATE ___/___/___

Would Not Accept
Allew Refused

WARDEN'S / SUPERINTENDENT'S SIGNATURE _____   DATE FORWARDED TO INMATE ___/___/___

☐ APPEALABLE            ☐ NOT APPEALABLE            ☐ SUSPEND PENDING INTERNAL INVESTIGATION
I ACKNOWLEDGE RECEIPT OF THE ABOVE RESPONSE ON THIS DATE.

INMATE'S SIGNATURE _____   DATE ___/___/___

IF YOU APPEAL, RETURN THIS FORM AND THE APPEAL FORM TO YOUR COUNSELOR OR GRIEVANCE COORDINATOR, WITHIN FIVE (5) BUSINESS DAYS OF RECEIPT OF THE WARDEN'S / SUPERINTENDENT'S RESPONSE.

**COMMISSIONER'S OFFICE, EXECUTIVE ASSISTANT'S RESPONSE**

EXECUTIVE ASSISTANT RECEIVED DATE ___/___/___

EXECUTIVE ASSISTANT'S SIGNATURE _____   DATE FORWARDED TO INMATE ___/___/___

WHITE COPY - RETAINED BY INMATE AT COMPLETION OF PROCESS  CANARY COPY - RETURNED TO INMATE AT TIME OF APPEAL
PINK COPY - RETAINED BY WARDEN / SUPERINTENDENT AFTER RESPONSE

**RECEIPT FOR GRIEVANCE AT COUNSELOR'S LEVEL**

INMATE'S NAME _____   I.D.# _____

I ACKNOWLEDGE RECEIPT OF GRIEVANCE FORM FROM THE ABOVE INMATE. FORM NUMBER _____

DATE ___/___/___   COUNSELOR'S SIGNATURE _____

PI-2001 (REV. 8/26/03)

RETENTION SCHEDULE: - Upon completion of this form, it will be placed in a file in the Grievance Coordinator's office.

Mr. James M. Phillips Jr.
Telfair S.P./G.D.C. 681762
P.O. Box 549/F1-237
Helena, Ga. 31037-0549

Commissioner
Ga. Dept. of Corrections
Floyd Veterans Memorial Bldg.
East Tower, Room 756
2 M.L.K., Jr. Drive S.E.
Atlanta, Ga. 30334

Sept. 1, 2004

Dear Sir:

I apologize for my circumvention of the chain of command. However, I feel I have little choice under the circumstances.

Recently, Telfair has implemented an informal grievance procedure. At face value this would seem reasonable with the quantity of grievances apparently being written throughout the prison system. However, it appears it is being used to circumvent any dispute from reaching an authority that might take a dim view of

Nxt. pg. Please

(1)

the matter in dispute. Consequently, matters are summarily dismissed upon the merest inaccuracy or mistake in procedure. This is the case in the matter I am presenting to you.

I am in protective custody, and as a result I have been forced to relinquish what little freedom I was allowed in general population. I am the one which is in danger, but I am handcuffed just to go to the shower or anytime I leave my cell. I am only allowed a shower three times a week, Mon., Wed., Fri. There is no T.V., sports, education, or church. Use of the telephone must be requested and approved. I have reluctantly accepted this punishment for my safety, and I have even accepted the fact that I cannot choose a library book, but must what I am given. I must however draw the line at my constitutional right to access the courts.

The librarian, as does the counselor, and anyone coming to F-bldg. slips in unannounced, and if you are reading, writing or sleeping, and not standing at the door, you will not see or talk to them as they seem to avoid contact with anyone

Nxt. pg. please

(2)

housed in F-bldg. unless they have specific business with an individual. Due to this Avoidance I have not received legal supplies for two weeks despite leaving a note in my door requesting a form to apply for the supplies. In fairness, I did receive a request form this week, but I will not receive the supplies until next week as the librarian did not let me know he left the form.

At trial I was illegally convicted upon six out of seven charges. On direct Appeal, five of the six were reversed. I only have one charge left and my sentence has been reduced from 40 to do 30, to a straight 20. I will get this last charge reversed, but only if I am not obstructed in my access to the courts and I get the legal supplies I am entitled to.

On thursday Aug. 19, 2004, I was denied this access by Mr. Hamilton the law librarian by his refusal to produce the indexes to law books I had requested. An index was designed for the purpose of locating specific items among a large quantity of items, and is a starting point for research. It

Nxt. pg. please

(3)

is not unreasonable to request an index no matter how long it may be.

The policy at Telfair is to allow someone in F-bldg. only two (2) cases a week to read and these are copies out of the book, we are not allowed any books. This is an unfair practice and inhibits meaningful research. S.O.P. allows two hours a week _in_ the law library where you may find and read several cases, not just two which you have to _guess_ that they may pertain to the subject. This policy is not meaningful access to the courts, which the law clearly allows. C.P.L.A., a non-profit organization was dispensed with in favor of computers in the law library. However, the computers nor C.P.L.A. can be used if you are in F-Bldg. This is also unfair, and I believe the courts will agree that without access to law books, C.P.L.A., or the computers, the meaningful access requirement is not being met with only two cases a week.

Please look into this matter and correct it if you believe it should be so.

Respectfully,

[signature]

cc: Warden, Thompson; Warden, Etheridge; file

(4)

Inmate Name: _Phillips James_                    GDC No.: _681762_
Date Issued: _8-20-04_                    Informal Grievance No. _8-047_

# Informal Grievance Form

TO:    Deputy Warden of Care & Treatment/ Telfair State Prison  Pat Ethredge

Date: _Aug. 21, 2004   8-24-04_

RE:  I am requesting to resolve the following Informal Grievance prior to filing a Formal Grievance.  The issue is as follows:

Date of Incident: _Aug. 19, 2004_
_I was denied meaningful Access to the courts, by Mr._
_Hamilton by his Refusal to Allow me Access to law indexes_
_so that I may find case law. When I Asked what I was to do_
_in order to find cases he called me a "Smart Ass". Also, (see back)_

Resolution Requested:
_I would like Access to O.C.G.A. indexes As well As_
_to law books._

_Round M. Phillips Jr._         _681762_         _Aug. 21, 2004_
   Inmate Signature              GDC ID Number          Date

Informal Grievance forwarded to Area Supervisor _N/A_

Response due back by: _N/A_

Counselor's Response/ Resolution: _Rejected. You are not in compliance with_
_SOP IIB05.0001. You have added additional lines on the_
_reverse side of the form._

Complaint Resolved: Yes _____   No _✓_        _I do NOT Acknowledge_

Note:  By my signature below, I acknowledge the receipt of and hereby indicate my agreement with the
       aforementioned resolution as related to this Informal Grievance.

Inmate Signature: _Round M. Phillips Jr._         Date: _9-1-04_   _Agreement_

If not resolved, was a Formal Grievance Requested? Yes _____         No _✓_

_Dennis Slater_                                    _9-1-04_
   Counselor Signature                                Date

Bottom Portion will serve as receipt of Informal Grievance.  To be given to Inmate by Counselor.
(cut on dotted line)

Inmate Name: Phillips, James     GDC No.: 681762
Date Issued: 06/17/04     Informal Grievance No. 9.030

# Informal Grievance Form

TO:     Deputy Warden of Care & Treatment/ Telfair State Prison  Pat Ethredge

Date: Sept. 9, 2004   9/14/04   C T

RE:  I am requesting to resolve the following Informal Grievance prior to filing a Formal Grievance.  The issue is as follows:

Date of Incident: Sept. 9, 2004
Mr. Hamilton Refused to pick-up my Request forms and Refused to speak to me about it. On Aug. 19, he called me a smart ass and told me if I wanted law books to get off P.C.

Resolution Requested:
Better law library access, and proper access to the courts.

_James M. Phillips Jr._     661762     Sept. 9, 2004
Inmate Signature                GDC ID Number              Date

Informal Grievance forwarded to Area Supervisor _____     N/A

Response due back by:  N/A

Counselor's Response/ Resolution: Rejected. You are not in compliance with SOP #B05-0001 section VI.B.3. Complaints must be limited to a single issue/incident. You have alleged two incidents.

Complaint Resolved: Yes _____     No ✓

Note:  By my signature below, I acknowledge the receipt of and hereby indicate my agreement with the aforementioned resolution as related to this Informal Grievance.

Inmate Signature: _Refuse to sign (B.M.)_     Date: 9/24/04

If not resolved, was a Formal Grievance Requested? Yes _____     No ✓

_Brian Mister_     9/24/04
Counselor Signature                                        Date

Bottom Portion will serve as receipt of Informal Grievance.  To be given to Inmate by Counselor.
(cut on dotted line)

## TELFAIR STATE PRISON

### INMATE INTERVIEW REQUEST FORM

Name: James Manuel Phillips Jr.                EF#: 441128/081762

Dorm/Bed: F1-237                      Date: Sep. 13, 2004

CHECK THE NAME OF THE PERSON WITH WHOM YOU WISH TO SPEAK:

[ ] WARDEN
[X] D/W CARE & TREATMENT
[ ] CHIEF COUNSELOR
[ ] CHAPLAIN

[ ] D/W SECURITY
[ ] D/W ADMINISTRATION
[ ] CAPTAIN
[ ] COUNSELOR _____

CHECK THE TOPIC TO BE DISCUSSED:

[ ] Disciplinary Report
[ ] Grievance
[ ] Detail Change
[ ] Store/Inmate Account
[ ] Visitation List

[ ] Dorm/Bed Change
[ ] Health Matter
[ ] Security Review
[ ] Telephone List
[ ] Other (must specify) _____

Briefly describe your problem: S.Ct. Rule 15 states that I must file AN ORiginal AND seven copies. I Need copies of several Attachments to go with my eight petitions which I have ten days to file.

Have you already discussed this problem with another staff member? [X] Yes      [ ] No

If yes, with whom: Mr. Allen / Unit Counselor

What response did you receive? He said to write the Wardens.

Staff Comments: IF YOU NEED COPIES, THE COST IS 25¢ PER PAGE. WE CANNOT PROVIDE COPIES OTHERWISE.

Staff Signature: Fowler for PE            Date: 10-14-04

Date: Sept. 24, 2004

To: Deputy Warden/Pat Ethredge

From: Inmate/James M. Phillips Jr. 681762

RE: Rejected Grievances; Harassment and Threats.

Dear Mr. Ethredge,

Since you seemed legitimately concerned about this situation I am addressing the issue directly to you prior to civil action. I do not wish to take this to the courts, and I am not attempting to make any veiled threats, but I do feel that I have a legitimate claim which thus far has gone unaddressed due to technical errors in a policy that I was not instructed upon, which happens to be one of the rules of that very policy. (see S.O.P. IIB05-0001 VI.,(A),(I)).

When I came to this prison about four years ago I was not given a Orientation Handbook. They were handed out then retracted during orientation. However, I did learn the "old" procedures later. They clearly do not apply to the "informal" procedures. It is unfair to hold an inmate to _new_ procedures without proper notification or instruction. At the time of the incident I had never filed an informal grievance and I was unaware that there was one. When the incident occurred I attempted to file a formal grie-

(1)

Next Pg. please

vance. Counselor Allen rejected this and told me I had to file an informal grievance first, so I requested the form on the 20th of August the day after the incident. You rejected it and I received it September 1, 2004. I had to wait until Sept. 7th to get the forms to request the index for S.O.P.'s. Mr. Hamilton did not wait to get the forms and left. I tried to turn them in on the 9th, but Mr. Hamilton refused again to pick them up so I again filed an "informal" grievance without knowing the S.O.P. procedure. My second grievance was also denied by you stating that I raised more than one issue. I have to disagree with this as it is a continuing issue with Mr. Hamilton. The statement as to what Mr. Hamilton said on the 19th of Aug. was to make clear it was a continuing issue or problem with Mr. Hamilton.

You seem to be strictly adhering to the "letter" of the S.O.P.'s. I feel there should be some leeway with a new procedure, as there are always errors in any new rule or procedure, even old ones. This is not personal Mr. Ethridge. Please keep in mind that this is not a war between staff and inmate, It is a matter of legal rights which I am being denied, and which have an effect on my immediate future, and

(2)

Next Pg. Please

freedom. The Georgia Court Of Appeals made a decision in my case on June 22, 2004. A one year period started 10 days after that date. The year period is to file a Federal Habeas Corpus, the time stops and starts with state actions. The law Requires that state Remedies be exhausted first. I am prepairing my State Habeas, and also attempting an Out Of Time Motion For Reconsideration in the GA. Court Of Appeals. This eats at my deadline. If you have ever done any legal Research, or even any Research, you should clearly know, and understand the <u>unfairness</u> of being allowed only <u>two</u> cases a week, and no <u>books</u>. The law allows "meaningful" access to the courts, which shall not be <u>obstructed</u>, or denied. My case for the courts is a good one, especially with my attempts to solve the problem going unaddressed by Administration.

On 3-23-04, I addressed court access problems to Mr. Simmons. (No Response). On 8-24-04, I filed a grievance about Mr. Hamilton's obstructing my access, (Rejected). On 9-1-04, I addressed the issue to the Commissioner. (No known response). On 9-14-04, I filed another grievance, same issue. (Rejected). On 9-13-04, I addressed a <u>letter</u> to the Superior Court, (Awaiting a response).

N.T. P.S Please

On 9-21-04, I wrote a letter to Warden Thompson, with a copy to you on the resulting Harassment and Threats from Mr. Hamilton. On 9-22-04, I filed another grievance as to this issue. (No response yet). This monday, 9-27-04, I will file another grievance related to this issue, and send you this letter. This is also my last attempt before going to the courts, with the exception of one more letter to Mr. Donald explaining the conflict's in the S.O.P.'s and the unfairness of the informal pro-cedure, as well as the possible due process violations it presents, such as the fact that it deprives you of a remedy in certain instances. (A rejection, or the limit of only one issue, combined with only one grievance per week which forces one to choose what issue to file and automatically dismissing others for lack of time to file) This clearly circumvents the purpose of the grievance procedure. If ANY issue becomes ungrievable by the force of rules which do not allow all issues adequate time to be filed, or sufficient numbers of issues to be combined so as not to exceed time limits, it is not only unfair, but illegal. It is clear by the rules of S.O.P. IIB05-001 that should more than one incident occur in a single week for two or even

Nxt. Pg. Please

three weeks consecutively, an issue or incident <u>must</u> go ungrieved due to time restraints. Further, if a grievance is rejected due to a <u>technical</u> error, an inmate should be allowed to correct the error, especially if the grievance otherwise has merit, or is of an essential nature such as access to the courts, or health and welfare.

My problem with Mr. Hamilton started when I requested the O.C.G.A. index as a starting point for my Georgia Habeas Corpus Petition. He refused with a note: "O.C.G.A. index is two(2) volumes containing over 2540 pages... Request is excessive and not required by court order.. Please be specific...." this was dated 8-19-04. I attempted to ask for the books and explain that I could not be specific without the index. That is when he called me a "smart ass", and told me to get off P.C. if I wanted books. I told him he was denying me access to the courts, and he said "tough". I requested a grievance the next day and filed it on 8-24-04 and you rejected it for twelve words written on the back. Next, Mr. Hamilton left forms for me to fill out on 9-7-04, but left without picking them up. I had already missed him a few times and I was out of paper and envlopes. I tried to give them to him on 9-9-04 and explain my problem, but he just walked off. I filed another

Nxt. Pg. Please

grievance on 9-14-04, and you Rejected this one too. Mr. Hamilton became more impertinent each time I asked for, or received anything. On 9-21-04 Mr. Hamilton came by my cell and turned on the light and walked on by laughing. My cellmate attempted to get him to turn off the light and he became even more impertinent than usual. I got up and told him this was nothing more than harassment for my writing grievances, and he started yelling. I told him I would just write another grievance, and he yelled that would get me a D.R., and I said so what, write as many as you want, and I'll just keep on writing grievances. So I wrote a grievance on his harassment and threats on the same day 9-21-04, and filed it 9-22-04. I, and everyone else know the rules about the lights, and being in bed, and staying dressed. However, as I am sure you know, it is different in F-bldg., all the guards want it quiet, and routinely turn off the lights after inspection for the inmates to sleep. Mr. Hamilton clearly knew all this, and clearly knew what he was doing when he turned the light on, and refused to turn it off tauntingly. This

(6)                                    Nxt. Pg. Please

Was clearly harassment, regardless of the actual Rules about the lights. Now Mr. Hamilton has written me a D.R. for something he intentionalaly started, and is clearly prevaricating.

## A Few Points in S.O.P.

IIB09-0001 VI (E)(5)

No restrictions **shall** be placed upon an inmates contact with the courts or legal counsel.

(Limiting access to indexes is a restriction. If it is to long to copy the books should be provided as is allowed by S.O.P.)

IIA14-0001 VI (E)(2)

Inmates in these areas, including lockdown, **shall** have access to the prison's Reference library by **book cart delivery**, photocopies and/or scheduled Reference library visits. If a book cart is used, it will be scheduled **twice** a week for each unit in which it is used unless there are no Requests.

(This S.O.P. does not limit access to only one method, it gives three different ways, and the S.O.P. **does not** limit the number of pages that can be photocopied. The **book** or **books** can be brought.)

Nxt. Pg. Please

IIA14-0001  I  (Policy)

The Department **shall** provide state inmates/detainees incarcerated in prisons, probation detention centers, probation boot camps, inmate boot camps and county institutions with **meaningful** access to the courts solely for their criminal appeals, habeas, sentencing issues, and conditions of confinement cases.

(Two cases a week and no index because it is too long to copy is not **meaningful** access.)

IIA14-0001  VI  (E)(1)

The Warden/Superintendent of each facility subject to this S.O.P. **shall** establish procedures to provide access to reference library materials for inmates who are confined to living areas. Notice of this procedure will be given during orientation to the ~~confined area~~ facility or upon transfer of the inmate to the confined area.

(I was not given notice of the new procedures upon transfer to P.C.)

I have a legal right to **meaningful** access the courts that is not being fulfilled by the Telfair Reference library and therefore the Georgia Department of Corrections. Due to this and my attempts to correct the problem Mr. Hamilton

(8)

Nxt. Pg. Hense

has taken the issue as a personal affront. Due to this mistaken belief he has written me a D.R. which is untruthful in retaliation to the grievances I have written. He knows that the administration will take his word over mine even without proof, and even in light of the fact that he clearly started it by calling me a "smart ass". This is a childish game Mr Hamilton is playing. I will continue to fight for my rightful meaningful access to the courts, and write grievances, and file a law suit if that is what it takes to get my rights, regardless of how many false D.R.'s Mr. Hamilton writes, or how much harassment I have to endure.

I hope you will take appropriate action to resolve this matter.

Respectfully,

~James M. Phillip Jr.~

cc: file

P.S. I am a week late in sending this as I have to also work on my legal work.

(9)

ATTACHMENT 7
4/15/04

## RESEARCH ASSISTANCE REQUEST

Inmate Name: _James M. Phillips Jr._          Date: _Sept. 30, 2004_

I.D. No. _G.D.C. 681762_

State the problem you are having with you legal research.

_I Am Not Allowed the O.C.G.A. index in protective Custody._
_Therefore, I am unable to locate law and cases that_
_support my Arguements in my Georgia Habeas Corpus_
_Petition. I need court rules, State law, and case law_
_on Recidivist Sentencing in that probation was not_
_considered due to 5 out of 6 counts being Reversed_
_with the remaining charge being the maximum (For Additional)_
_(see Attachment)_

_James M. Phillips Jr._                    _Sept. 30, 2004_
Inmate's Signature                        Date of Request

---

**WestGroup Legal Research Response**

_This isn't a service that Legal Research provides_
_and this was explained to Inmate Phillips_
_on Oct. 12, 2004._

RECEIVED
OCT 12 2004

_____          _10/14/04_
Date Received                    Date Inmate was advised

_____          _P. Hamilton_
Inmate Signature                 Staff Signature

_This man is or was the Telfair librarian. It was not his_
_place to decide._

585239
9-069

Attachment 1
SOP IIB05-0001
(Rev. 8/26/03)

**CONFIDENTIAL**
**INMATE GRIEVANCE FORM**
Georgia Department of Corrections

INSTITUTIONAL STAFF ONLY

INMATE NAME _James Phillips_      INMATE NUMBER _681762_

INSTITUTION _Telfair 542_      GRIEVANCE NUMBER _542-04-046_

DATE FORM ISSUED TO INMATE _10 / 1 / 04_ BY _Brian Moten_

DATE COMPLETED FORM RECEIVED FROM INMATE _10 / 4 / 04_ BY _Brian Moten_

DATE APPEAL RECEIVED _11 / 4 / 04_ BY _Cathaleen Traylor_

---

THIS FORM MUST BE COMPLETED IN BLUE OR BLACK INK. YOU MUST INCLUDE SPECIFIC INFORMATION CONCERNING YOUR GRIEVANCE TO INCLUDE DATES, NAMES OF PERSONS INVOLVED, AND WITNESSES.

DESCRIPTION OF INCIDENT: On 9-21-04 Mr. Hamilton in a continuation of his previous harassment threatened me with a D.R. in response to my previous grievances filed on him on 8-24-04 and 9-14-04, both were rejected. I filed a grievance for this threat on 9-22-04 as I had to wait for the counselor to come by. I wrote the grievance on 9-21-04 which was the day I asked for and received the form and before I received (see Attachment)

RESOLUTION REQUESTED: An apology and a formal reprimand.

INMATE'S SIGNATURE      _10 / 01 / 04_ DATE

Is this grievance being filed within the 5 day time limit? Please answer Yes or No. If the answer is No, please explain why.

N/A

---

**WARDEN'S / SUPERINTENDENT'S RESPONSE**

_10 / 18 / 04_
WARDEN RECEIVED DATE

I find no evidence to support your allegations of retaliation by Mr. Hamilton for previous grievances filed by you. Mr. Hamilton states he follows the guidelines as set forth in S.O.P. IIA14-0001 for all inmates housed in F-Building. This grievance is denied.

_10 / 19 / 04_
DATE FORWARDED TO INMATE

WARDEN'S / SUPERINTENDENT'S SIGNATURE

☐ APPEALABLE      ☐ NOT APPEALABLE      ☐ SUSPEND PENDING INTERNAL INVESTIGATION

I ACKNOWLEDGE RECEIPT OF THE ABOVE RESPONSE ON THIS DATE.

INMATE'S SIGNATURE      _11 / 03 / 04_ DATE

IF YOU APPEAL, RETURN THIS FORM AND THE APPEAL FORM TO YOUR COUNSELOR OR GRIEVANCE COORDINATOR, WITHIN FIVE (5) BUSINESS DAYS OF RECEIPT OF THE WARDEN'S / SUPERINTENDENT'S RESPONSE.

**COMMISSIONER'S OFFICE, EXECUTIVE ASSISTANT'S RESPONSE**

RECEIVED
NOV 1 5 2004
INMATE APPEALS

EXECUTIVE ASSISTANT RECEIVED DATE



**GEORGIA DEPARTMENT OF CORRECTIONS**
**CORRECTIONS DIVISION**
**INMATE AFFAIRS AND APPEALS**
#2 M.L.K. Jr., Dr., S.E.—East Tower
Atlanta, Georgia  30304

SONNY PERDUE
GOVERNOR

JAMES E. DONALD
COMMISSIONER

# GRIEVANCE APPEAL RESPONSE

**PRISONER NAME:**   PHILLIPS, JAMES M.   GDC ID # 681762
**GRIEVANCE #:**          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
**INSTITUTION:**           TELFAIR STATE PRISON

YOUR GRIEVANCE HAS BEEN REVIEWED BY A MEMBER OF MY STAFF. YOUR ALLEGATION THAT MR. HAMILTON THREATENED AND HARASSED YOU WITH A DISCIPLINARY REPORT IN RESPONSE TO YOUR PREVIOUSLY FILED GRIEVANCES AGAINST HIM (HAMILTON) CANNOT BE SUBSTANTIATED. THIS REVIEW REVEALED THAT MR. HAMILTON ACTED IN ACCORDANCE WITH THE GDC POLICIES AND PROCEDURES. THERE IS NO EVIDENCE TO INDICATE THAT MR. HAMILTON HAS SUBJECTED YOU TO HARASSMENT AND THREATS FOR YOUR PARTICIPATION IN THE GRIEVANCE PROCESS. ISSUES CONCERNING THE ISSUANCE OF A DISCIPLINARY REPORT MUST BE ADDRESSED THROUGH THE DISCIPLINARY APPEALS PROCESS. FURTHER ACTION IS NOT WARRANTED ON THIS GRIEVANCE. THEREFORE, THIS GRIEVANCE IS DENIED.

ALAN A. ADAMS
DIRECTOR, CORRECTIONS DIVISION

BY: _Raymond Head_          R.m.                    _11/19/04_

**RAYMOND HEAD**                                        DATE
**MANAGER**
**INMATE AFFAIRS AND APPEALS UNIT**

Inmate Name: _Phillips James_ GDC No.: _681762_

Date Issued: _09-21-04_ Informal Grievance No. _9-069_

## Informal Grievance Form

TO: Deputy Warden of Care & Treatment/ Telfair State Prison  Pat Ethredge

Date: _Sept. 21, 2004_ Date Received _09-22-04_

RE: I am requesting to resolve the following Informal Grievance prior to filing a Formal Grievance. The issue is as follows:

Date of Incident: _Sept. 21, 2004_

_Mr. Hamilton is CONTINUALLY HARASSING AND THREATENING me. I believe it is because of my previous grievances I have written about him. His conduct is VERY UNPRO-fessional and clearly planned._

Resolution Requested:

_I don't really know, AN APOLOGY AND A FORMAL REPRIMAND for his unprofessional conduct. I think this should become A permanent part of his record._

_James M. Phillips Jr._ _681762_ _Sept. 21, 2004_
Inmate Signature    GDC ID Number    Date

Informal Grievance forwarded to Area Supervisor _9-23-04_

Response due back by: _9-27-04_

Counselor's Response/ Resolution: _Mr. Hamilton denies your allegations that he has harassed and threatened you. You have filed this grievance in retaliation to the disciplinary report you received from him on 9-21-04. Denied._

Complaint Resolved: Yes _____   No _X_

Note: By my signature below, I acknowledge the receipt of and hereby indicate my agreement with the aforementioned resolution as related to this Informal Grievance.

Inmate Signature: _Refuse to sign (BM)_ Date: _10-1-04_

If not resolved, was a Formal Grievance Requested? Yes _X_   No _____

_Brian Moten_ _10-1-04_
Counselor Signature    Date

Bottom Portion will serve as receipt of Informal Grievance.  To be given to Inmate by Counselor.
(cut on dotted line)



# GEORGIA DEPARTMENT OF CORRECTIONS

*TELFAIR STATE PRISON*
*P.O. BOX 549*
*210 LONGBRIDGE ROAD*
*HELENA, GA 31037*
*229-868-7721*
*FAX 229-868-6509*



Attachment
"L-A"

Sonny Perdue
*Governor*

James E. Donald
*Commissioner*

## M E M O R A N D U M

**TO:**     James M. Phillips GDC 681762

**FROM:**   T. Wilkes, Admin. Assistant

**DATE:**   March 8, 2005


In reference to your request for copies: Without a Court Order, copies are furnished at .25 cents per page. At the present time, you have a $0.00 balance on your account.

/tw


*Yes, this is ten years ago and nothing has changed.*

*by Affirmation*
*1 U.S.C. § 1*

*Jas M Phillips Jr.*

Date: 05 MAR 05
To: Ms. T. Wilkes / Admin. Assistant
From: Inmate / James M. Phillips Jr. - 681762 - F1/237
RE: Photo-copies to Supreme Court

Dear Ms. Wilkes,

You may recall that back in September and October I attempted to obtain copies for the Supreme Court. I was denied in error with SOP-IIA14-0001, then because my time to file with the Supreme Court had expired. Now, I would like to direct your attention as well as the Warden's to Supreme Court Rule 40, and State v. Tyson, 273 Ga. 690 (2001). The court stated in Tyson:

> "Because of it's <u>constitutional authority</u> to review by certiorari any Court of Appeals decision, this court is empowered to overlook procedural and subject-matter limitations imposed by <u>statutes</u> or court rules." (emphasis added).

Due to this law, the time for me to file is not up until I file and the Supreme Court rules they will not hear the petition. Therefore, I would like to request some copies be made of the <u>Attachments</u> I have to file.

Respectfully,

James M. Phillips Jr.

P.S.
Please Advise

26 SEP 05

To: Mailroom

From: Mr. James M. Phillips Jr. /681762 /02-23T

RE: Legal Mail

Dear Sir or Madam,

   You have returned Legal United States Mail to me along with the proper signed form for postage. You have caused me a one (1) week delay and forced me to miss the $1.85 postage from last week. I am entitled to $1.85 for legal mail and $1.11 for personal mail. Total postage according to what you wrote comes to $2.77. This is 19¢ less than $1.85 + $1.11. My legal mail is <u>very personal</u> to me and if I miss a single deadline I will <u>take every legal action at my desposal as well as follow all grievance procedures.</u> You did not mail a single letter. Special Mailing is <u>on</u> the form I sent with no instruction to see the librarian.

Respectfully,

James M. Phillips Jr.

JMP
cc: Warden; file

You are only Allowed to use the $.85 Allowed for legal postage. You CANNOT use the $1.11 non-legal postage for legal.

MR

26 SEP 05

TO: Warden Tilman

From: James M. Phillips Jr. /G.D.C. #68176 2/D2-237

RE: Obstruction to both the Courts and of the
     United States Mail.


My dear Warden Tilman,
     My "Access To The Courts" and my "Legal Mail"
have been obstructed by the Mailroom here at
Ware State Prison. I am in the middle of a
Habeus Corpus Action and I have a court
date of October 13, 2005. In the mail that
the mailroom refused to send are several
"Subpoena's" (see enclosed sample) to be mailed
by the court clerk and a "Notice Of Appeal"
that must be filed by October 7, 2005. Also,
I have Requested transcripts that I will
need on October 13ᵗʰ. My time is short to
get these things done and this needless
obstruction is Actionable under Title 42
code 1983. I do not wish to start another
action at this time; however, I will not
have my "Legal Mail" obstructed. Please do

(1)                               Att. ps. please

something about this serious matter. All I request is that my mail go out in the future without this unnecessary delay and obstruction. I am sending all the mail, the form I signed and a copy of the letter I wrote to the mailroom to you. I hope and pray that you will direct it to be mailed immediately. I also take the time to thankyou for <u>ANY</u> help and consideration in this matter.

Very respectfully submitted,

*[signature]*

P.S

Please let me know if my legal Mail is mailed or not so I can contact the courts and let them know something.

JMP
cc: file ; mailroom

James Phillips

# WARE STATE PRISON
## Informal Grievance Form

Ware State Prison Number: __501__

To: Deputy Warden of Care & Treatment __Mr Dolden__

Date: __Nov. 3, 2005__

RE: I am requesting to resolve the following Informal Grievance, prior to filing a Formal Grievance. The issue is as follows:

Date of Incident:
__I have been trying for almost 3-weeks to get a simple signature on a certificate for the court which is Required. The business office only sends accounts statements. The form has not yet been signed.__

Resolution Requested:
__My access to the courts has been obstructed for 3-weeks it should end by friday Nov. 4, 2005 with the certificate signed.__

__James M. Phillips__      __691762__      __Nov. 3 2005__
Inmate Signature            GDC ID Number            Date

Informal Grievance forwarded to Area Supervisor _____

Response due back by: _____

Counselor's Response/ Resolution:
__gave request to speak form to I/m__

Complaint Resolved: Yes_____ No_____

Note: By my signature below, I acknowledge the receipt of and hereby indicate my agreement with the aforementioned resolution as related to this Informal Grievance.

Inmate Signature: _____

If not resolved, was a Formal Grievance requested: Yes_____ No_____

_____      _____
Counselor Signature                     Date

Bottom Portion - ...        ....ceipt of Informal Grievance. To be given to Inmate by Counselor.(Cut on dotted line)



James D. Phillips Jr.
#681762  A-1-20B
Mailed Nov. 14, 2006

Certified w/
receipt

Attachment 3
SOP IIB04-0001
(11/01/04)

# REQUEST FOR INDIGENT POSTAGE

(   )     NON-LEGAL FIRST CLASS POSTAGE (Maximum -- three)
AMOUNT

(   )     LEGAL POSTAGE (Maximum -- five)
AMOUNT

A1-20B

(   )     SPECIAL MAILING (Maximum -- one)

     I fully understand that the funds for the purchase of
Indigent Postage will be a loan from the Inmate Benefit Fund.  If
I receive any funds to my account, I will be required to reimburse
the Inmate Benefit Fund in accordance with SOP IIB04-0001, Inmate
Mail and Receipt of Funds.

_____     11-14-2006   NOV 1 5 2006
INMATE/PROBATIONER SIGNATURE       DATE

Cheryl Russell Demanes     11-14-2006
SIGNATURE OF VERIFYING STAFF       DATE
*************************************************************
      TO BE COMPLETED BY MAIL ROOM STAFF

NON-LEGAL POSTAGE USED:

| DATE | MAILED TO | AMOUNT |
|------|-----------|--------|
|      |           |        |
|      |           |        |
|      |           |        |

LEGAL POSTAGE USED:

| DATE | MAILED TO | AMOUNT |
|------|-----------|--------|
|      |           |        |
|      |           |        |
|      |           |        |
|      |           |        |
|      |           |        |

SPECIAL MAILING:    Douglas County DA — 4.64

DATE    NOV 1 5 2006    MAILED TO   Mrs. J. Welch-Clerk   AMOUNT   6.32

WARE SP - MAILROOM

TOTAL POSTAGE USED: 10.96    M. BARNES SIGNATURE OF MAIL ROOM STAFF

XC:    Mail Room
       Bookkeeping
       Inmate/Probationer File

RETENTION SCHEDULE:
Upon completion, this form will be placed in the inmate/
probationer case history file.

NOV 1 5 2006

Mr. James M. Phillips Jr.
Ware State Prison #681762
3620 N. Harris Rd. / A-1-20B
Waycross, Ga. 31503-0311



CERTIFIED MAIL

7005 1820 0004 2007 1052

The Douglas County District Attorney
Douglas County Superior Courthouse
8700 Hospital Drive
Douglasville, Ga.   30134



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Douglas County D.A.
Douglas Co. Sup. Court House
8700 Hospital Dr,
Douglasville Ga
30134

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent ☐ Addressee

B. Received by ( Printed Name)     C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☑ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)     7005 1820 0004 2007 1052

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

**Certified Mail Provides:**
- A mailing receipt
- A unique identifier for your mailpiece
- A record of delivery kept by the Postal Service for two years

**Important Reminders:**
- Certified Mail may ONLY be combined with First-Class Mail or Priority Mail.
- Certified Mail is not available for any class of international mail.
- NO INSURANCE COVERAGE IS PROVIDED with Certified Mail. For valuables, please consider Insured or Registered Mail.
- For an additional fee, a Return Receipt may be requested to provide proof of delivery. To obtain Return Receipt service, please complete and attach a Return Receipt (PS Form 3811) to the article and add applicable postage to cover the fee. Endorse mailpiece "Return Receipt Requested". To receive a fee waiver for a duplicate return receipt, a USPS postmark on your Certified Mail receipt is required.
- For an additional fee, delivery may be restricted to the addressee's authorized agent. Advise the clerk or mark the mailpiece with the endorsement "Restricted Delivery".

Mr. James M. Phillips Jr.
Ware State Prison #681762
3620 N. Harris Rd. / A-1-20B.
Waycross, Ga. 31503-0311



CERTIFIED MAIL

7005 1820 0004 2007 1069
7005 1820 0004 2007 1069

U.S. Postal Service
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

Ms. S. Welch
Clerk of Supreme Court
Supreme Court of Georgia
Room 572
244 Washington Street
Atlanta, Ga.   30334

"Motion For Reconsideration"
Mailed November 14th, 2006



| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature <br> X                                    ☐ Agent  ☐ Addressee <br> B. Received by ( *Printed Name* )    C. Date of Delivery |
| 1. Article Addressed to: <br><br> *Ms. J. Welch* <br> *Clerk Sup Court* <br> *Sup. Court of Ga.* <br> *Rm 572* <br> *344 Washington* <br> *Atlanta, Ga. 30334* | D. Is delivery address different from item 1?  ☐ Yes <br> If YES, enter delivery address below:   ☐ No <br><br> 3. Service Type <br> ☑ Certified Mail   ☐ Express Mail <br> ☐ Registered      ☑ Return Receipt for Merchandise <br> ☐ Insured Mail    ☐ C.O.D. <br> 4. Restricted Delivery? (*Extra Fee*)   ☐ Yes |
| 2. Article Number <br> (*Transfer from service label*)    7005 1820 0004 2007 1069 | |
| PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540 | |

April 1, 2007

Mr. James Manuel Phillips Jr.
Ware State Prison #681762
3620 N. Harris Rd. / A-1-20B
Waycross, Ga. 31503 - 0311

Director, Legal Services Office
Suite 470, East Tower
2 Martin Luther King Jr., Drive, S.E.
Atlanta, Ga. 30334 - 4900

RE: Inmate Law Library Computer Time

My Dear Mr. Director,
   I read a "Memorandum" of yours about Inmate
library time. I thought therefore, that you
might be the proper authority to address
my problem prior to my filing an obstruc-
tion of Access to the courts law suit.
   The Media Specialist at Ware State Prison
is in clear and direct violation of S.O.P.,
S.O.P. IIA14-0001 Access To Courts (07-15-03):
VI. Procedure: B. Access To The Electronic Law
Library: 2. The Media Resource Specialist shall

schedual inmates to use the electronic law library. The Media Resource Specialist WILL determine the amount of time that each offender Receives BASED ON the Number of computers AND the number of inmates Requesting time. Each Requesting inmate SHALL Receive At least 30 minutes.

Ms. DeMarco has Altered this to serve her personal convenience. Her personal rule is A __maximum__ of 30 minutes And to fulfill this Rule, will allow the computers to go entirely unused. This is unconscionable.

As you may Know, the South East Second has not been updated for Approximately 10 years. The Law Library is Ridiculously impostrous And A prime candidate for a landmark litigation. The computers Are the saving grace. However, Ms DeMarco's personal Rule undermines this loop-hole.

All I pray for is that Ms DeMarco be informed that she shall follow S.O.P. And that "BASED ON", "AND", "WILL" and "SHALL" Are key words, and that "At least", does not mean MAXIMUM.

Respectfully,
Yours M. Phillip Jr

cc: file

# STATEMENT OF FACT

Under penalty of perjury, I, Michael Alan Turner, EF# 185523 do so state and swear that after November of 1998 the Ware State Prison Law Library has not received any new or updated United States Supreme Court Reporters, Federal Circuit Reporters, Federal Supplement Reporters or Southeastern 2d Reporters.

It was not until January of 2004 that our law library received six computers, with a limited data base for legal review, that the prisoners were again exposed to the written opinions of the books named above.

/S/ Mike Turner

Sworn to and subscribed before me this 20 day of
March , 2006

Cheryl Russell Notary Public
My Commission Expires
4-29-04

CHERYL DIXON RUSSELL
NOTARY PUBLIC
PIERCE COUNTY GEORGIA

No new Supreme Court Reporters have been in the law library since 1998. The computerized law library came on line in January of 2004. /S/ Cheryl Russell
Media Specialist, Ware State Prison
Waycross, Georgia.

SOP IIB05-0001
Attachment 7
6/01/04

# WARE STATE PRISON
## Informal Grievance Form

Ware State Prison Number:_____

To: Deputy Warden of Care & Treatment_____

Date:_____

RE: I am requesting to resolve the following Informal Grievance, prior to filing a Formal Grievance. The issue is as follows:

Date of Incident: 01-07-08 (Recurrent)

I have been denied access to the courts since December with No makeup. Fog is Not an excuse to deny law library Attendance. Nor holidays to deny law library makeup due to the holidays.

Resolution Requested:

Law library makeup time for each Monday I have missed since December.

Yan M. Tully                681762              Jan. 7, 2008
Inmate Signature            GDC ID Number            Date

Informal Grievance forwarded to Area Supervisor_____

Response due back by:_____

Counselor's Response/ Resolution:

_____

_____

Complaint Resolved:   Yes_____    No_____

Note: By my signature below, I acknowledge the receipt of and hereby indicate my agreement with the aforementioned resolution as related to this Informal Grievance.

Inmate Signature:_____

If not resolved, was a Formal Grievance requested:   Yes_____    No_____

_____        _____
            Counselor Signature                                Date

Bottom Portion will serve as receipt of Informal Greivance. To be given to Inmate by Counselor. **(Cut on dotted line)**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### Informal Grievance Form Receipt / SOPIIB05-0001

Inmate Name:_____   Date Informal Grievance Submitted:_____

Date of Incident:_____

Deputy Warden of Care & Treatment Name:_____

Counselor's Signature:_____

623622



**CONFIDENTIAL**
**INMATE GRIEVANCE FORM**
Georgia Department of Corrections

SOP IIB05-0001
(Rev. 8/26/03)

Attachment



THIS FORM MUST BE COMPLETED IN BLUE OR BLACK INK. YOU MUST INCLUDE SPECIFIC INFORMATION CONCERNING YOUR GRIEVANCE TO INCLUDE DATES, NAMES OF PERSONS INVOLVED, AND WITNESSES.

DESCRIPTION OF INCIDENT: On Sept. 10, 2008 between 0900 and 0930 I was denied Access to the courts by the floor or building officer. It was "After" the fog, And movement had started Again. It is "often" that the floor-officers will not open doors for scheduled Appointments for no meaningful Reason And will not call A supervisor.

RESOLUTION REQUESTED: That "All" floor officers be informed that "law Library is A priority.

INMATE'S SIGNATURE _____ DATE 9, 18, 08

Is this grievance being filed within the 5 day time limit? Please answer Yes or No. If the answer is No, please explain why.

_____

**WARDEN'S / SUPERINTENDENT'S RESPONSE**

WARDEN RECEIVED DATE 10, 7, 08

An investigation reveals that law library was delayed for security reasons. However, when the fog lifted, the law library resumed. The dorm officer states that you did not ask to go to the library again.

WARDEN'S / SUPERINTENDENT'S SIGNATURE _____ DATE FORWARDED TO INMATE 10, 07, 08

☐ APPEALABLE   ☐ NOT APPEALABLE   ☐ SUSPEND PENDING INTERNAL INVESTIGATION

I ACKNOWLEDGE RECEIPT OF THE ABOVE RESPONSE ON THIS DATE.

INMATE'S SIGNATURE _____ DATE 10, 08, 08

IF YOU APPEAL, RETURN THIS FORM AND THE APPEAL FORM TO YOUR COUNSELOR OR GRIEVANCE COORDINATOR, WITHIN FIVE (5) BUSINESS DAYS OF RECEIPT OF THE WARDEN'S / SUPERINTENDENT'S RESPONSE.

**COMMISSIONER'S OFFICE, EXECUTIVE ASSISTANT'S RESPONSE**

EXECUTIVE ASSISTANT RECEIVED DATE ___/___/___

EXECUTIVE ASSISTANT'S SIGNATURE _____ DATE FORWARDED TO INMATE ___/___/___

WHITE COPY - RETAINED BY INMATE AT COMPLETION OF PROCESS  CANARY COPY - RETURNED TO INMATE AT TIME OF APPEAL
PINK COPY - RETAINED BY WARDEN / SUPERINTENDENT AFTER RESPONSE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**RECEIPT FOR GRIEVANCE AT COUNSELOR'S LEVEL**

INMATE'S NAME _____ I.D.# _____

I ACKNOWLEDGE RECEIPT OF GRIEVANCE FORM FROM THE ABOVE INMATE. FORM NUMBER _____

DATE _____ COUNSELOR'S SIGNATURE _____

PI-2001 (REV. 8/26/03)

RETENTION SCHEDULE: - Upon completion of this form, it will be placed in a file in the Grievance Coordinator's office.

Sept. 11, 2008

Mr. James M. Phillips Jr.
Wilcox S.P. / #681762
P.O. Box 397 / F-2-229 B
Abbeville, Ga. 31001-0397

Internal Affairs
10 Park Place South
Room 675
Atlanta, Ga. 30303

RE: Access to Medical and Law Library.

Dear Sir or Madam,
   On the above date I had a medical appoint-
ment for 0700 or 0730. I was not allowed to
go until 1000 hrs. The day before, I had an
appointment for the law-library at 0700 hrs.
There was "fog", thus, no movement until
about 0900 or 0930 hrs. for this reason. When
movement started however, I was still not
allowed access to the law-library. This in-
difference to Medical and Law-Library ap-
pointments is normal at this prison and is
unacceptable. Medical and Law-Library should

Pg. 1                    nxt. pg. please

be given "priority" over average movement. Both medical and law-library (access to the courts) are substantial "rights". They are not a privilege, they are a "right" provided by law.

The problem is that some floor officers abuse their authority by using a scheduled appointment by not opening the door for a long time or by not signing inmates out until they are "good-and-ready". Sometimes not at all. It is a form of punishment, and sometimes plain harassment. Chow or yard I can let go, but not law-library or Medical. Please do something about this before it has to go to the courts along with the fact that access to the courts is denied on each Friday there is no "mail".

"Notice", is a constitutional right. It is un-necessary delay when mail is not delivered and the court is open on a Friday. Mail "must" be delivered on Friday as well as received.

Respectfully,

JMP
cc: file

P.S. It is 1510 on 9-18-08. I was just told I could not go get my medication. They just called it!



**Sonny Perdue**
Governor

**Georgia Department of Corrections**
**Office of Investigations and Compliance**
Inmate Affairs and Appeals Unit
#2 M.L.K. Jr. Dr., SE. East Towers
Atlanta, Georgia 30334

James E. Donald
Commissioner

# GRIEVANCE APPEAL RESPONSE

**PRISONER: James Phillips  GDC ID#:681762**
**INSTITUTION: Wilcox State Prison**
**GRIEVANCE#:   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**

A member of my staff has reviewed your grievance. You alleged in this grievance that you were denied access to the Law Library. The Law Library was delayed do to fog. When it was clear you chose not to attend.  Based on these facts, this grievance is denied.

> RECEIVED WSP
> NOV 2 6 2008
> Grievance Coord.

**Tom Sittnick, Director**
**Investigations and Compliance**

By: _Shevondah Fields by MS_

**Shevondah Fields, Manager**
**Inmate Affairs and Appeals**

_11·03·08_

**Date**

THIS FORM MUST BE COMPLETED IN BLUE OR BLACK INK. YOU MUST INCLUDE SPECIFIC INFORMATION CONCERNING YOU GRIEVANCE TO INCLUDE DATES, NAMES OF PERSONS INVOLVED, AND WITNESSES.

DESCRIPTION OF INCIDENT: On Sept. 10, 2008 between 0900 and 0930 I was denied Access to the courts by the floor or building officer. It was "After" the fog, and movement had started again. It is "often" that the floor-officers will not open doors for scheduled appointments for no meaningful reason and will not call a supervisor.

RESOLUTION REQUESTED: That "All" floor officers be informed that "law library is a priority.

INMATE'S SIGNATURE _____ DATE 9, 18, 08

Is this grievance being filed within the 5 day time limit? Please answer Yes or No. If the answer is No, please explain why.

---

### WARDEN'S / SUPERINTENDENT'S RESPONSE

WARDEN RECEIVED DATE 10, 7, 08

An investigation reveals that law library was delayed for security reasons. However, when the fog lifted, the law library resumed. The dorm officer states that you did not ask to go to the library again.

WARDEN'S / SUPERINTENDENT'S SIGNATURE _____ DATE FORWARDED TO INMATE 10, 07, 08

☐ APPEALABLE ☐ NOT APPEALABLE ☐ SUSPEND PENDING INTERNAL INVESTIGATION

I ACKNOWLEDGE RECEIPT OF THE ABOVE RESPONSE ON THIS DATE.

INMATE'S SIGNATURE _____ DATE 10, 08, 08

IF YOU APPEAL, RETURN THIS FORM AND THE APPEAL FORM TO YOUR COUNSELOR OR GRIEVANCE COORDINATOR, WITHIN FIVE (5) BUSINESS DAYS OF RECEIPT OF THE WARDEN'S / SUPERINTENDENT'S RESPONSE.

### COMMISSIONER'S OFFICE, EXECUTIVE ASSISTANT'S RESPONSE

EXECUTIVE ASSISTANT RECEIVED DATE ___ / ___ / ___

INMATE AFFAIRS AND APPEALS

OCT 16 2008

RECEIVED

SEE ATTACHMENT

EXECUTIVE ASSISTANT'S SIGNATURE _____ DATE FORWARDED TO INMATE ___ / ___ / ___

WHITE COPY - RETAINED BY INMATE AT COMPLETION OF PROCESS  CANARY COPY - RETURNED TO INMATE AT TIME OF APPEAL
PINK COPY - RETAINED BY WARDEN / SUPERINTENDENT AFTER RESPONSE

*895*

*FE - 229B*

SOP IIB05-0001
Attachment 7
6/01/04

# Informal Grievance Form

To: Deputy Warden of Care & Treatment _____

Date: Sept. 9, 2008 _____

RE: I am requesting to resolve the following Informal Grievance, prior to filing a Formal Grievance. The issue is as follows:

Date of Incident: 09-09-08

On the Above date at 0930hrs. I was denied access to the courts As I was not allowed to go to the law library for my scheduled time. (there was movement on the yard).

Resolution Requested:

Scheduled access to the law library and access when there is movement. All officers and staff should be instructed on law library S.O.P.

_James Phillips Jr._ 681762        9-10-08
Inmate Signature        GDC ID Number        Date

James Phillips Jr.
Informal Grievance forwarded to Area Supervisor  9/11/08  Mr. Willis ?

Response due back by: 9/19/08 _____

Counselor's Response/ Resolution:

Law Library was cancelled by security for Fog Watch. You will be rescheduled. _____

Complaint Resolved: Yes _____ No X

Note: By my signature below, I acknowledge the receipt of and hereby indicate my agreement with the aforementioned resolution as related to this Informal Grievance.

Inmate Signature: _James Phillips_ _____

If not resolved, was a Formal Grievance requested: Yes ✓ No _____

_[signature]_        9-17-08
Counselor Signature        Date

Bottom Portion will serve as receipt of Informal Grievance. To be given to Inmate by Counselor.
(Cut on dotted line)

*See Counselor.*
*SOP about mailing*
*legal mail. Must*
*be sure it is*
*legal*

April 9, 2009

To: ~~Business Office~~

~~From~~: James Manuel Phillips Jr.
To     # 681762 ( F-2-229 B )

RE: S.O.P. IIB04-0001 / <u>VI</u>. <u>Procedure</u> (K)(3)(d) Request
     for Assistance.

Dear Sir or Madam,

In accordance with the above S.O.P., I hereby
Request to receive the personal and legal cor-
respondence materials approved for issuance
by and under this S.O.P.,

I do this in this S.O.P. approved manner as I
have need for the materials but have no need
to attend the "Law Library" for legal Research
at this time and there is no other method
to obtain the needed materials for which I
am entitled.

With Respect,

James M. Phillips Jr.

JMP
CC; file

CONFIDENTIAL

Attachment 1
SOP IIB05-0001
(Rev. 4-1-04)

**INMATE GRIEVANCE FORM**
Georgia Department of Corrections



THIS FORM MUST BE COMPLETED IN BLUE OR BLACK INK. YOU MUST INCLUDE SPECIFIC INFORMATION CONCERNING YOUR GRIEVANCE TO INCLUDE DATES, NAMES OF PERSONS INVOLVED, AND WITNESSES.

DESCRIPTION OF INCIDENT: In a letter dated April 9, 2009 to the Business Office, I requested personal and legal correspondence materials per S.O.P. IIBO4-0001 / VI, Procedure (K)(3)(d). I received my request back with a "yellow post-it" stating: "See counselor, SOP about mailing legal mail. Must be sure it is legal." The run-around answer is irrelevant. I was denied "legal" and personal writing materials. (I have the letter).

RESOLUTION REQUESTED: I would like my writing materials as per S.O.P.

INMATE'S SIGNATURE _____   ___/___/___ DATE

Is this grievance being filed within the 5 day time limit? Please answer Yes or No. If the answer is No, please explain why.

_____

**WARDEN'S / SUPERINTENDENT'S RESPONSE**

5 / 11 / 09
WARDEN RECEIVED DATE

You have been advised to submit a written request (attachment 5 of SOP) to your counselor for issuance of indigent supplies.

WARDEN'S / SUPERINTENDENT'S SIGNATURE _____   5 / 11 / 09 DATE FORWARDED TO INMATE

☐ APPEALABLE    ☐ NOT APPEALABLE    ☐ SUSPEND PENDING INTERNAL INVESTIGATION

I ACKNOWLEDGE RECEIPT OF THE ABOVE RESPONSE ON THIS DATE.

INMATE'S SIGNATURE   (REQUIRED)   5 / 28 / 09 DATE

IF YOU APPEAL, RETURN THIS FORM AND THE APPEAL FORM TO YOUR COUNSELOR OR GRIEVANCE COORDINATOR, WITHIN FIVE (5) BUSINESS DAYS OF RECEIPT OF THE WARDEN'S / SUPERINTENDENT'S RESPONSE.

**COMMISSIONER'S OFFICE, EXECUTIVE ASSISTANT'S RESPONSE**

___/___/___
EXECUTIVE ASSISTANT RECEIVED DATE

EXECUTIVE ASSISTANT'S SIGNATURE _____   ___/___/___ DATE FORWARDED TO INMATE

WHITE COPY - RETAINED BY INMATE AT COMPLETION OF PROCESS  CANARY COPY - RETURNED TO INMATE AT TIME OF APPEAL
PINK COPY - RETAINED BY WARDEN / SUPERINTENDENT AFTER RESPONSE

**RECEIPT FOR GRIEVANCE AT COUNSELOR'S LEVEL**

INMATE'S NAME Phillips, Javier   I.D.# _____

I ACKNOWLEDGE RECEIPT OF GRIEVANCE FORM FROM THE ABOVE INMATE.  FORM NUMBER 15343

DATE 5/04/09   COUNSELOR'S SIGNATURE _____   PI-2001 (REV. 501/04)

RETENTION SCHEDULE: - Upon completion of this form, it will be placed in a file in the Grievance Coordinator's office.

June 4, 2009

Mr. James Manuel Phillips Jr.
Wilcox S.P. /G.D.C. #681762
P.O. Box 397 / F-2-229 B
Abbeville, Ga. 31001-0397

Mr. Donald Barrow, Warden
Wilcox State Prison
P.O. Box 397
Abbeville, Ga. 31001-0397

RE: Civil litigation Against Ga. Dept. of Corrections

My Dear Warden Barrow,
   Enclosed, please find and read your copy of
my "Notice" of legal action. It seems that the
librarian here cares little about your decision
in my formal grievance as he will not give
the counselor the forms for me to turn in
per your grievance reply. He told the counselor:
"that's not the way I do it!" Don't believe me.
Ask counselor Fitzgerald.

                              Respectfully,

                              James M. Phillips Jr.
                              Pro-Se

JMP
cc: file : Counselor Fitzgerald.

612791

**CONFIDENTIAL**
**INMATE GRIEVANCE FORM**
Georgia Department of Corrections

SOP IIB05-0001
(Rev. 8/26/03)



**THIS FORM MUST BE COMPLETED IN BLUE OR BLACK INK. YOU MUST INCLUDE SPECIFIC INFORMATION CONCERNING YOUR GRIEVANCE TO INCLUDE DATES, NAMES OF PERSONS INVOLVED, AND WITNESSES.**

DESCRIPTION OF INCIDENT: On 7-12-2012 at 0645 hrs. C/o Royal in Unit F-2 obstructed my Access to the courts by not allowing me to go to my 0700 hrs. scheduled call-out by claiming she had Already called "early-chow". S.O.P. nor any "written notice" states that "early-chow" is a "Requirement" to go to the law-library. Law Library is a "Right" not a privilege. S.O.P. states law-library cannot be canceled unless emergency.

RESOLUTION REQUESTED: All officers instructed "Law Library is a legal "RIGHT".

Van M. William.

INMATE'S SIGNATURE                                    ____/____/____
                                                      DATE

Is this grievance being filed within the 5 day time limit? Please answer Yes or No. If the answer is No, please explain why.

---

**WARDEN'S / SUPERINTENDENT'S RESPONSE**

____/____/____   No evidence was found to support your allegation.  You failed to
WARDEN RECEIVED DATE report to early chow according to Officer Royal.  Therefore, this
                   grievance is denied.

_Randall Hart_                                        2 / 0 / 12

WARDEN'S / SUPERINTENDENT'S SIGNATURE                 DATE FORWARDED TO INMATE

☐ APPEALABLE        ☐ NOT APPEALABLE        ☐ SUSPEND PENDING INTERNAL INVESTIGATION

I ACKNOWLEDGE RECEIPT OF THE ABOVE RESPONSE ON THIS DATE.

_____                               09/05/12

INMATE'S SIGNATURE                                    DATE

*IF YOU APPEAL, RETURN THIS FORM AND THE APPEAL FORM TO YOUR COUNSELOR OR GRIEVANCE COORDINATOR, WITHIN FIVE (5) BUSINESS DAYS OF RECEIPT OF THE WARDEN'S / SUPERINTENDENT'S RESPONSE.*

**COMMISSIONER'S OFFICE, EXECUTIVE ASSISTANT'S RESPONSE**

____/____/____

EXECUTIVE ASSISTANT RECEIVED DATE

# DISCIPLINARY REPORT WORK SHEET

Wilcox State Prison                    546                    **TPM/   MAX DATE**

**INSTITUTION NAME**                    **CODE #**

I. **Offender:** Phillips, James                    MED      681762

•Name:   Last, First, M.I.                    Security        ID Number

## II. Offense Data:
A. Charge

| | Charge | Code | Plea | Finding | | Charge | Code | Plea | Finding |
|---|---|---|---|---|---|---|---|---|---|
| 1 | Failure To Follow | C-15 | | | 4 | | | | |
| 2 | Instructions | | | | 5 | | | | |
| 3 | | | | | 6 | | | | |

07-19-12                    0830                    Suzanne Smith
                                                    Suzanne Smith CI
**Date**                    **Time of Offense**     **Signature of Reporting Official**

B. **Factual Statement:** While working unit F2 on the above date and time I instructed inmate Phillips, James #681762 to not talk during count. Inmate Phillips refused all my instructions by talking during count. Supervisor notified.

C. Reviewed by the appropriate Supervisor: T Tabitha Bryant Talitha Bryant      7/19/12

                    **Signature**                    **mo.   dy.   year**

D. Charges served on accused:  7 / 19 / 12    1347    _____  _____

                    **mo.   dy.   yr.    time**    **Signature of Official**

## III. Investigative Report:
A. Summary of Investigation _____

_____

_____

B. _____  _____  _____

     **Title**                    **Signature**                    **mo.   dy.   year**

C. Advocate's Name: _____

## IV. Hearing Officer's Recommendation:
Greatest _____ High _____ Moderate _____ Low _____

          _____  _____

                    **Signature**                    **mo.   dy.   year**

## V. Disposition of Disciplinary Hearing:
A. Justification for findings: _____

_____

_____

B. Action Recommended: _____

_____

C. T.P.M. extension: _____  Isolation _____

D. Inmate advised of his/her right to appeal _____    _____
                                              YES        NO



**Georgia Department of Corrections**
**Office of Investigations and Compliance**
Inmate Affairs and Ombudsman
Post Office Box 1529
Forsyth, Georgia 31029



Nathan Deal
Governor

Brian Owens
Commissioner

# <u>GRIEVANCE APPEAL RESPONSE</u>

**PRISONER: Phillips, James**      **GDC#:681762**
**INSTITUTION: Wilcox State Prison**
**GRIEVANCE#: 126129**
**GRIEVANCE CODE: 09**

A member of my staff has reviewed your grievance. You allege that on 7/12/12, Officer Royal refused to allow you to attend law library. According to a statement from Officer Royal, you were instructed to report out to the law library, in which you failed to do. Based on this information, this grievance is denied.

**Ricky Myrick, Director**
**Investigations and Compliance**

By: ~~Shevondah Fields, by WEP~~      9-24-12

    **Shevondah Fields, Manager**                     **Date**
    **Inmate Affairs and Appeals**

mJt
7/19/12

2nd Reg 7/24

126 129

SOP IIB05-0001
Attachment 7
6/01/04

# Informal Grievance Form

To: Deputy Warden of Care & Treatment  Tripp

Date: July 12, 2012
RE: I am requesting to resolve the following Informal Grievance, prior to filing a Formal Grievance. The issue is as follows:

Date of Incident: 07122012
On the above date and time at 0645 hrs. C/O Royal denied and/or obstructed my access to the courts when she refused to allow me to go to my 0700 hrs. law-library appointment.

Resolution Requested:
She should be retrained on S.O.P. and fined for her careless and "rude" denial of a legal right to access the courts.

_____    681762    July 12, 2012
Inmate Signature              GDC ID Number         Date

James Phillips
Informal Grievance forwarded to Area Supervisor  7/19/12

Response due back by  7/24/12

Counselor's Response/ Resolution: _____

_____

Complaint Resolved: Yes_____   No  X

Note: By my signature below, I acknowledge the receipt of and hereby indicate my agreement
with the aforementioned resolution as related to this Informal Grievance.

Inmate Signature: _____

If not resolved, was a Formal Grievance requested: Yes  ✓  No_____

_____    7/27/12
Counselor Signature              Date

Bottom Portion will serve as receipt of Informal Grievance. To be given to Inmate by Counselor.
**(Cut on dotted line)**

612791

**CONFIDENTIAL**
**INMATE GRIEVANCE FORM**
Georgia Department of Corrections

SOP IIB05-0001
(Rev. 8/26/03)

SEP 2 4 2012

| INSTITUTIONAL STAFF ONLY | | |
|---|---|---|
| INMATE NAME Phillips, James | INMATE NUMBER 681762 | |
| INSTITUTION Wilcox S.P. | GRIEVANCE NUMBER 126129 | |
| DATE FORM ISSUED TO INMATE 7/31/12 BY Jenk | | |
| DATE COMPLETED FORM RECEIVED FROM INMATE 7/31/12 BY Jenk | | |
| DATE APPEAL RECEIVED 9/11/12 BY V. Brown | | |

THIS FORM MUST BE COMPLETED IN BLUE OR BLACK INK. YOU MUST INCLUDE SPECIFIC INFORMATION CONCERNING YOUR GRIEVANCE TO INCLUDE DATES, NAMES OF PERSONS INVOLVED, AND WITNESSES.

DESCRIPTION OF INCIDENT: On 7-11-2012 at 0645 hrs. Yo Royal in Unit F-2 obstructed my Access to the courts by not Allowing me to go to my 0700 hrs. scheduled call-out by claiming she had already called "early-chow". S.O.P. nor any "written notice" states that "early-chow" is A "Requirement" to go to the law-library. Law Library is A "Right" not A privilege. S.O.P. states law-library cannot be canceled unless an emergency.

RESOLUTION REQUESTED: All officers instructed "Law library is A legal "RIGHT".

INMATE'S SIGNATURE _____    DATE ____/____/____

Is this grievance being filed within the 5 day time limit? Please answer Yes or No. If the answer is No, please explain why.

_____

---

**WARDEN'S / SUPERINTENDENT'S RESPONSE**

8/24/12
WARDEN RECEIVED DATE

No evidence was found to support your allegation.  You failed to report to early chow according to Officer Royal.  Therefore, this grievance is denied.

WARDEN'S / SUPERINTENDENT'S SIGNATURE          8/24/12
                                               DATE FORWARDED TO INMATE

☐ APPEALABLE          ☐ NOT APPEALABLE          ☐ SUSPEND PENDING INTERNAL INVESTIGATION

I ACKNOWLEDGE RECEIPT OF THE ABOVE RESPONSE ON THIS DATE.

_____          09/05/12
INMATE'S SIGNATURE               DATE

IF YOU APPEAL, RETURN THIS FORM AND THE APPEAL FORM TO YOUR COUNSELOR OR GRIEVANCE COORDINATOR, WITHIN FIVE (5) BUSINESS DAYS OF RECEIPT OF THE WARDEN'S / SUPERINTENDENT'S RESPONSE.

**COMMISSIONER'S OFFICE, EXECUTIVE ASSISTANT'S RESPONSE**

INMATE AFFAIRS
AND APPEALS
EXECUTIVE ASSISTANT RECEIVED DATE

SEP 1 7 RECD



RECEIVED    SEE ATTACHMENT

SOP IIB05-0001
Attachment 7
6/01/04

# Informal Grievance Form

To: Deputy Warden of Care & Treatment _Tripp_____

Date: _November 15, 2012_____

RE: I am requesting to resolve/the following Informal Grievance, prior to filing a Formal Grievance. The issue is as follows:

Date of Incident: _11-15-2012_

_On the above date at approx. 0800 hrs. my access to the courts was obstructed by the Wilcox S.P. law library in that they refused to provide me with federal habeas forms for all three districts. (See O.C.G.A. § 9-10-14 (a); S.O.P. Access to Courts and Johnson v. Avery, 313 U.S. 483._

Resolution Requested:

_Provide me with 5 of each form I requested in accordance to SOP. Instruct law library that per Herron v. Harrison, 203 F.3d 410, 415-16 (6th Cir. 2000); Inmates may help Inmates._

_____     _681762_____     _____
Inmate Signature                        GDC ID Number                      Date

Informal Grievance forwarded to Area Supervisor _____

Response due back by: _____

Counselor's Response/ Resolution:

_____

_____

Complaint Resolved: Yes_____ No_____

Note: By my signature below, I acknowledge the receipt of and hereby indicate my agreement with the aforementioned resolution as related to this Informal Grievance.

Inmate Signature: _____

If not resolved, was a Formal Grievance requested: Yes_____ No_____

_____     _____
Counselor Signature                                        Date

Bottom Portion will serve as receipt of Informal Grievance. To be given to inmate by Counselor.
(Cut on dotted line)

-----------------------------------------------------------------------------------------

### Informal Grievance Form Receipt / SOPIIB05-0001

Inmate Name: _____ Date Informal Grievance Submitted: _____
Date of Incident: _____
Deputy Warden of Care & Treatment Name: _____
Counselor's Signature: _____

Exhibit "A"

January 6, 2013

James Manuel Phillips Jr.
Jenkins Correctional Center
G.D.C. #681762 / Bldg. 100-B-105B
P.O. Box 948
Millen, Ga. 30442 - 0948

Warden Sapp, C.C.A.
Jenkins Correctional Center
3404 Kent Farm Drive
Millen, Ga. 30442

RE: Access To Courts / Segregation

Dear Warden Sapp,
   I apologize for tedious advisory as I know
that you are aware of many S.O.P.'s and prison
procedures. However, you may be unaware of
the correlation to the laws and constitution.
Further, while I am sure that you may have
considered S.O.P IIB04-0001A03 you may not
have considered IIB09-0001 VI (E) (5) Admini-
strative Segregation, which states: "No re-
strictions shall be placed upon an inmates
contact with the courts or legal counsel."

Pg. 1                              Nxt pg. please

The "Constitution of the State of Georgia" is the state's highest and most important law. And the Georgia Supreme Court vigorously enforces this particular law. Article I, Section I, Paragraph XII (Right to the courts) and Article V, Section II, Paragraph II, (Law enforcement), which states: "The governor shall take care that the laws are faithfully executed and shall be the conservator of the peace throughout the state," are such laws.

Policies needed to ensure order and security are permissable under law (Pell v. Procunier, 417 U.S. 817, 827 (1974)). However, opening "legal mail" under certain circumstances may be "unreasonable" (See Muhammad v. Pitchess, 35 F 3d 1081, 1085-86 (1994)). And in DeMallory v. Cullen, 855 F 2d 442, 448, the "right" of access to the court was implicated because of "generalized" security concerns. Also, a claim was stated in Crawford-El v. Britton, 523 U.S. 574, 584 (1998) by alleging that misdelivery of a box of legal papers denied the right of access to courts.

The Jenkins Correctional Center Inmate Handbook, on page 30, under B. INDIGENT INMATES, in pertinent part, states: "One exceptional mailing per month is allowed at a "reasonable" postage cost. This is utilized for large envelopes containing legal

Nxt. pg please

documents." Nothing is stated about they "must be the __exact__ __same__ paper work [AND] must be opened [AND] shown to mailroom staff." *

However, the "motion" itself is the "exact same" in both envelopes, and "Rule 56 Motion" is written on both envelopes. The envelope to the court is "thicker" due to "attachments" that due to my indigency and prison policy†. However, if the "State" or "C.C.A." deems it necessary for the envelops to be the "__exact__ __same__", and both cost $6.17, and therefore, would like to copy my attachments, I would be most greatful, (sorry, "grateful", I can't spell). As to opening my mail, I am willing to allow that also, if you are as willing to reseal, or replace, the envelopes; just so you can verify that I am not a prevaricator. I can see no valid security issue for my "out-going" legal-mail to the U.S. District Court or to the Georgia Department of Law, as they, as well as the U.S. Mail, have security measures as to "bombs" and such. Further, where does this "restriction" come from. It violates S.O.P. IIB09-0001 VI (E)(5) and establishes undue

* I have the "Post-it" stating this in my possession.
† I cannot copy (sorry, I get ahead of myself).

Pg. 3                                   Nxt. pg. please

encumbrance, just short of impossibility for indigent, segregation (PC) inmates. It would be imprudent to allow my "legal mail" to go through AN UNKNOWN NUMBER of people "UNSEALED", because I can't take it to the mailroom my-self. And the "restriction" serves no legitimate purpose under the circumstances. It does nothing but obstruct and delay my access to the courts. And it also punishes me for being on PC, with due process, being cleanly denied.

I am enclosing "evidence" that "Special Mailing" can be in different sized envelopes, and due to size and/or weight, due to enclosed material, may "still" be mailed even though they are not the "exact same". They may also go out certi-fied mail. Notice the dates are for "three" separate years, approximately "one" year apart. Also notice that one form contains 2 mailings, one 3 mailings, and one 5 mailings.

I believe the "actual rule" is that the mailings should be about the "same" case or litigation. I can live with that though I don't understand why.

Lastly, back to "must be open". Please send me a copy of this as I can't find it in what I have. In any case, what purpose does it

Pg. 4                    Nxt. pg. please

serve? In my case one envelope is addressed to a U.S. District Court and the other is addressed to the Georgia Department of Law. It's clearly apparent this is "LEGAL MAIL", which is what a "SPECIAL MAILING" is for. I have tried to save cost, why are you persecuting me in my endeavor to assert my constitutional Rights. My legal work is most important to me and I will assert "every" legal means to insure that my legal mail is not obstructed in any manner. "Please", see that my legal mail goes out "ASAP". What ever it takes, open it, Read it, do whatever, just don't destroy or damage it, and "please" do not obstruct it Anymore.

Respectfully Requested,

JMP

cc: File; Office of The Governor; Georgia Dept. of Corrections (General Counsel).

P.S.

Please Return my enclosures (evidence), and note that I have yet to receive Any copy from the mailroom.

END

January 6, 2013

James Manuel Phillips Jr.
Jenkins Correctional Center
G.D.C. #681762 / Bldg. 100-B-105B
P.O. Box 948
Millen, Ga. 30442 - 0948


Office of The Governor,
State of Georgia
State Capitol
Atlanta, Ga. 30334 - 0900


RE: Denial of Constitutional Right to Access the
courts.


Dear Governor,
   I write this letter per Constitution of the
State of Georgia Article V, Section II (Duties
And Powers Of Governor), Paragraph II (Law en-
forcement).
   My Georgia Constitutional Right under Art. I,
Sec. I, Para. XII (Right to the courts) is being ob-
structed by C.C.A. (Correctional Centers of America)
by frivolous and arbitrary manner. I write this

Notice, At this point, only As a safeguard. I hope the issue will be Resolved without litigation or the aid of your constitutional duty. However, I wish to point out that C.C.A. operates here At the discretion of the State of Georgia And if further disregard for the Georgia Constitution persists An investigation into it's operation may be necessary to insure it's legal operation.

Thankyou for your time And consideration in this important matter.

With my most honorable Respect,

John M Phillip Jr.

JMP

cc: file ; Warden Sapp, C.C.A. ; Georgia Dept. of Corrections (General Counsel)

January 6, 2013

James Manuel Phillips Jr.
Jenkins Correctional Center
G.D.C. #681762 / Bldg. 100-B-105B
P.O. Box 948
Millen, Ga. 30442 - 0948

Georgia Dept. of Corrections
General Counsel
2 Martin Luther King Jr. Drive, S.E.
Atlanta, Ga. 30334

Dear Sir or Madam,
    This is to inform you that C.C.A. (Correctional Centers
of America) is violating my right to access the courts
under the "Constitution of the State of Georgia", Art. I,
Sec. I, para. XII. Please take appropriate action
to stop this illegal action. (See enclosed letter
to Warden Sapp for details).

                    Respectfully submitted,

                    James M. Phillips Jr.

JMP
cc: file ; Warden Sapp, C.C.A. ; Office of the Governor

# REFERENCE LIBRARY REQUEST FORM

INMATE: James M. Phillips Jr.

DORM: Bldg. 100-B-105B

GDC#: 681762
CCA#: 1942410
DATE: January 14, 2013

**WHICH SERVICE DO YOU NEED: (Please Check)**

Main Law Library Computer (1 Hour)_____ (2 Hours)_____

Main Law Library Reference Books <u>and</u> Computer (1 Hours + 1 Hour)_____

Law Library Reference Books (2 Hours)_____

Unit Law Library Reference Computer (1 Hour)_____ (2 Hours)_____

Date Requested:_____

**CCA JENKINS CORR. CENTER**

**JAN 1 5 2013**

**REC'D LIBRARY**

**What Session are You Available and <u>DO NOT</u> Have a Class or Detail? (Please Check)**

1st Session_____          2nd Session_____          3rd Session_____
(8:00-10:00a.m.)          (10:00-11:45a.m.)          (13:00-15:00p.m.)

ADDITIONAL INFORMATION:_____

_____ @ Cornish v (5th Cir)

ISOLATION/SEGREGATION ONLY: Pg. 20 of the J.C.C. "Inmate Handbook" under "Law Library" B. Law Library service in Administrative Segregation/Disciplinary Segregation Areas, 3rd paragraph, states: "Inmates in lockdown may receive up to 3 potocopied items ... I would like: Williams v. Lane, 851 F.2d 867 (1988); Cornish v. Corr. Serve. Corp., 402 F.3d 545 (2005); Miller v. King, 384 F.3d 1248 (2004). Plus I would like 5-1983 forms for Southern Dist. of Georgia.

****************************************************************************************

### AFTER COMPLETING THIS FORM, PLACE IN THE U.S. MAIL DROP BOX.
### PLEASE NOTE THAT ANY MISSING OR INACURATE INFORMATION WILL CAUSE THIS FORM TO NOT BE PROCESED

****************************************************************************************

INFORMATION SENT: _Please identify what circuit or district Williams v Lane is in._

_____

DATE:_____

**REFUSALS:**     DATE REFUSED:_____     TIME:_____

REASON FOR REFUSAL: _Please identify what circuit or district Williams v Lane is in._

_____

_____

INMATE'S SIGNATURE:_____

STAFF COMMENTS:_____

_____

_____          _Mrs. H.L. Willis_
DATE                                      01-15-2013

**RECEIVED**
SIGNATURE
JAN 1 5 2013

MAILROOM
JENKINS CORRECTIONAL CENTER

Date: March 12, 2013

To: Business Office

From: Mr. James Manuel Phillips Jr.

RE: Legal Mail

Dear Sir or Madam,
    On the above date you obstructed and denied my access to the courts. (See S.O.P. IIA14-0001 Access to courts). I followed page 11, para. b, "Postage For Inmates With No Funds" and you sent my letter to the United States District Court back for NO REASON. I filled-out and sent the indigent form with the letter and put both in the "In-House" mailbox. I send alot of mail to the courts. I "will" start legal action for "any" delay of "any" of my legal mail. It will cost 10-times as much for you to delay another of my legal letters. Please "DO NOT" harass me by delaying my legal mail. I am sending my letter with this letter, back to you. Please see that it is mailed without delay. Please also accept this letter as "legal notice" that if my letter is not mailed and I do not receive notice that it has been mailed I "will" notify the U.S. Postal Inspector and start 1983 legal action Monday March 18.

Respectfully
James M. Phillips Jr.

Date: March 18, 2013

To: Mr. Allen Ross, Deputy Warden (Admin.)

From: Inmate James Manuel Phillips Jr., G.D.C. #681762
D-3-52B

RE: Inmate Account Statement

Dear Warden Ross,

I humbly request that you forward this letter to the proper person to provide me with 2 copies of my Account statement in order that I may proceed with my litigation as per my letter dated March 12, 2013 to the "business office" referencing my legal mail. I have not received notice that my letter to the U.S. District Court was mailed. I clearly stated the consequence of "Any" failure to mail my "legal-mail" as well as to provide me with notice. I believe "notice" or a copy of the indigent mail form to the inmate is a requirement of S.O.P..

Respectfully Requested,

James M. Phillips Jr.

JMP
cc: file

P.S.
Please fill-out the "certificate" on the enclosed form and return it to me with the account statements.

March 26, 2013

Mr. James Manuel Phillips Jr.
Dooly State Prison #681762
P.O. Box 750 / D-3-52 B
Unadilla, GA 31091-0750

GA Dept. of Corrections
Legal Services Office
Suite 870, East Tower
2 Martin Luther King Jr. Drive, S.E.
Atlanta, GA 30334-4900

RE: Access To Courts

Dear Sir or Madam,

   S.O.P. IIB09-0001, though for Administrative Segregation,
states it best, "No restrictions shall be placed upon an in-
mates contact with [the] courts or legal counsel." How-
ever, the Georgia Constitution Art. I, Sec. I, para. XII
states it more broadly, "No person shall be deprived
of the right to prosecute or defend, either in per-
son or by an attorney, that person's own cause in any
of the courts of this state."

   In Johnson v. Avery, 393 U.S. 483, 485 (1969), it was said a
prisoner's right of access to courts may not be deni-
ed or obstructed. And in Benjamin v. Fraser, 264 F.3d
175, 184 (2nd Cir. 2001) it was said, regulations that un-
justifiably obstruct availability of professional rep-

Resevation on other aspects of right of access to court are invalid.

Prisoners have [a] fundamental constitutional right to adequate, effective, and meaningful access to courts to challenge violations of constitutional rights. (See Bounds v. Smith, 430 U.S. 817, 824, 828 (1977)).

I am in the United States District Court for the Northern District of Georgia, Atlanta Division, Case No. 1:09-CV-1855-TCB "challenging" violations of constitutional rights. And my "meaningful" access is being "obstructed" in various ways by Dooly State Prison staff in violation of S.O.P., the Georgia Constitution, and U.S. Constitution, as well as the above cited case law.

"In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States." (See Wideman v. Shallowford, 826 F.2d 1030, 1032 (11th Cir. 1977)). "Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law." Id.

On 1/29/13 I was "forced" by threat of physical harm, from two CERT TEAM officers, Sgt. Temple and C/O Farmer (I think), to choose between keeping my King James Bible, or my legal books or material. (see generally Allen v. City and County of Honoluly, 39 F. 3d 936, 940 (9th Cir. 1994)). And in Wares v. Simmons, 392 F. 3d 1141, 1144-45 (10th Cir. 2004) a free exercise claim was stated when an inmate was denied access to religious texts. This should suffice the first element. And as the officers were processing me into Dooly State Prison in their official capacity they were acting under color of state law. And should be proven by affidavit and the "form" I was "forced" by threat to sign. This should suffice the second element. The form I was forced to sign and the box in the property room contain my King James Bible as well as my Georgia Criminal Trial Practice and the Evidence Handbook that goes with it.

I was allowed "All" these books at the other prisons I was at, and there is case law to the effect that since I was entitled to them there, I am entitled to them here. There is no security issue.

Also, there are additional aspects to the violation. One is the "very limited" access to the "law", that "obstructs" the "meaningful" access to the courts. Denial

Nxt pg Please

of my legal books under the auspice of the C.E.R.T.
team's interpretation of Daily Strict hisso Inmate
Handbook rule IV, H, 3, "b" (Personal Letters, Magazines,
books, Newspapers) as opposed to "a" (Legal Material),
is Not only absurd, but illegal. It is violation the
spirit & principle of fairness only to assuage the
ego of the C.E.R.T. team. I wonder how there is
still interest to "deny" of legal and religious
books when it is show the need for the legal books
that Are not available in the law library, and these
one may found to ensure between having one's
bible, or eight (8) legal books that may not exactly
belongs to a person, and the understanding assump-
tion of rule "b" to encompass the legal "writings"
of rule "a". I hope that you will help over't the need
for costly litigation that the State's would pay for.
All I wish for is the books back that I had since
I came from Wheer to Wilcox to Jenkins to Dooly.
I have had and of them in a locker for the past
four years and "now" they are "contraband". They
don't make no sense. For instance there is a Dooly

on this issue clearly in my favor. The state does not provide sufficient time on the computers to do "meaningful" research in order to have a "meaningful" opportunity to present a "meaningful" case to the courts and not waste the courts time and money, because the state does not provide a sufficient number of computers for the number of inmates needing to use them. I'm giving you too short list. Please help me get Dooly State Prison to return to me my legal property, my legal books and my King James Bible,

Very Respectfully, Appointed,

JAP

cc: [illegible]

| _____ | _____ | _____ |
| Date Counselor Received | Counselor | Dorm |

# Informal Concern

To: Deputy Warden of Care & Treatment _____

Date: April 15, 2013

RE: I am requesting to resolve the following Informal Concern, prior to filing a Formal Grievance. The issue is as follows:

Date of Incident: 4-11-13

I fill out AN indigent legal supply form every Monday when I go to law library And drop it in the In-House mailbox. I did not get my indigent legal supplies Thursday 4, 2013.

Karl H Skelly Jr.     661762     April 15, 2013
_____     _____     _____
Inmate Signature        GDC ID Number        Date

Informal Concern forwarded to Area Supervisor _____

Response due back within 5 days of receipt: _____

Counselor's Response:  Not Filed

_____
_____
_____
_____

**Note:** By my signature below, I acknowledge the receipt of and hereby indicate my agreement with the aforementioned response related to this Informal Concern.

Complaint Resolved: Yes_____ No_____

Inmate Signature: _____

If not resolved, was a Formal Grievance requested: Yes_____ No_____

_____        _____
Counselor Signature                          Date & Time met with inmate

_____   _____   _____
Date Counselor Received                 Counselor                    Dorm

# Informal Concern

To: Deputy Warden of Care & Treatment _____

Date: _____

RE: I am requesting to resolve the following Informal Concern, prior to filing a Formal Grievance. The issue is as follows:

Date of Incident: April 18, 2013

I suspect the mailroom has been misplacing my request for indigent legal supplies for the past couple of weeks in Retaliation for my filing grievances. I want my legal supplies. I didn't get them "again" on April 18, 2013.

_____   661762   April 23 2013
Inmate Signature       GDC ID Number        Date

Informal Concern forwarded to Area Supervisor _____

Response due back within 5 days of receipt: _____

Counselor's Response: Resolved. as Third Copy'ed

Not Filed

**Note:** By my signature below, I acknowledge the receipt of and hereby indicate my agreement with the aforementioned response related to this Informal Concern.

Complaint Resolved: Yes_____ No_____

Inmate Signature: _____

If not resolved, was a Formal Grievance requested: Yes_____ No_____

_____   _____
Counselor Signature                      Date & Time met with inmate

_____   _____   _____
Date Counselor Received              Counselor                      Dorm

# Informal Concern

To: Deputy Warden of Care & Treatment _____

Date: June 6, 2013 _____

RE: I am requesting to resolve the following Informal Concern, prior to filing a Formal Grievance. The issue is as follows:

Date of Incident: June 6, 2013

On the above date at Apprex. 0930 has Mr. McClain denied Me my Indigent legal supplies by Not Allowing Me through the date, Indigent legal supplies are provided by S.O.P. to Access the courts which is a 1st Amendment Gov't Right.

_____   651762   June 6, 2013
Inmate Signature            GDC ID Number        Date

Informal Concern forwarded to Area Supervisor _____

Response due back within 5 days of receipt: _____

Counselor's Response:

_____
_____
_____
_____

**Note:** By my signature below, I acknowledge the receipt of and hereby indicate my agreement with the aforementioned response related to this Informal Concern.

Complaint Resolved: Yes_____ No_____

Inmate Signature: _____

If not resolved, was a Formal Grievance requested: Yes_____ No_____

_____   _____
    Counselor Signature                   Date & Time met with inmate

| | | |
|---|---|---|
| Date Counselor Received | Counselor | Dorm |

# Informal Concern

To: Deputy Warden of Care & Treatment _____

Date: July 7 2013 _____

RE: I am requesting to resolve the following Informal Concern, prior to filing a Formal Grievance. The issue is as follows:

Date of Incident: June 7 2013
On the above date at approx. 0800 hrs Mr. McClain took my sheet issued by the State Apparently as harassment over the legal supply incident of June 6, 2013. (see in-formal concern dated June 6, 2013). I need a sheet.

_____   681762   June 7 2013
Inmate Signature           GDC ID Number      Date

Informal Concern forwarded to Area Supervisor _____

Response due back within 5 days of receipt: _____

Counselor's Response: _____

_____

_____

_____

_____

Note: By my signature below, I acknowledge the receipt of and hereby indicate my agreement
with the aforementioned response related to this Informal Concern.

Complaint Resolved: Yes_____ No_____

Inmate Signature: _____

If not resolved, was a Formal Grievance requested: Yes_____ No_____

| | |
|---|---|
| Counselor Signature | Date & Time met with inmate |

_____   _____   _____
Date Counselor Received          Counselor                    Dorm

# Informal Concern

To: Deputy Warden of Care & Treatment _____

Date: June 24, 2013 _____

RE: I am requesting to resolve the following Informal Concern, prior to filing a Formal Grievance. The issue is as follows:

Date of Incident: June 24, 2013

On the Above date at C600 hrs. C/o Richardson Refused to Allow me to go to the mailbox And mail my Legal Mail before it was picked up for the day. Thereby he delayed my mail by Another day without good Cause.

_____   C81762   June 24 2013
Inmate Signature          GDC ID Number       Date

Informal Concern forwarded to Area Supervisor _____

Response due back within 5 days of receipt: _____

Counselor's Response:

_____
_____
_____
_____

Note: By my signature below, I acknowledge the receipt of and hereby indicate my agreement with the aforementioned response related to this Informal Concern.

Complaint Resolved: Yes_____ No_____

Inmate Signature: _____

If not resolved, was a Formal Grievance requested: Yes_____ No_____

_____   _____
Counselor Signature                   Date & Time met with inmate

_____   _____   _____
Date Counselor Received              Counselor                      Dorm

# Informal Concern

To: Deputy Warden of Care & Treatment _____

Date: Aug. 8, 2013 _____

RE: I am requesting to resolve the following Informal Concern, prior to filing a Formal Grievance. The issue is as follows:

Date of Incident: Aug. 8 2013 _____

On this date at 07:30 hrs I was denied law library Allegedly due to too Receiving pill-call inmates were allowed to walk Right by the law library. There is no excuse. S.O.P. states law library can be canceled only in emergency. If pill-call cancel law library canceled.

_____   661769 ___   Aug. 8, 2013
   Inmate Signature           GDC ID Number         Date

Informal Concern forwarded to Area Supervisor _____

Response due back within 5 days of receipt: _____

Counselor's Response:

_____
_____
_____
_____

**Note:** By my signature below, I acknowledge the receipt of and hereby indicate my agreement with the aforementioned response related to this Informal Concern.

Complaint Resolved: Yes_____ No_____

Inmate Signature: _____

If not resolved, was a Formal Grievance requested: Yes_____ No_____

_____   _____
   Counselor Signature                    Date & Time met with inmate

Date: October 15, 2013

To: Chief Counselor Dooly State Prison

From: James Manuel Phillips Jr. /G.D.C.#681762 /K-4-31 B

RE: Indigent Legal Mail

Dear Chief Counselor,

   I am writing you because my indigent mail is delayed most often due to scheduling and the fact that I am not allowed to go except upon the unit officer's whim. Today I missed my "offender interview" because I "was not" allowed to go when count cleared because Sgt. White (don't know married name) was in the building. I don't think my legal mail, already delayed a week due to — I suppose, the holiday, should be delayed another day because Sgt. White is "in" the building.

   I would like to file a grievance on this but I "never" know when the K-4 counselor will be here. What do I do?

                              Respectfully,
                              James M. Phillips Jr.

JMP
cc: file



| me | Start Time | End Time | Report To | Activity Location |
|---|---|---|---|---|
| R INTERVIEW | 08:30 | 08:45 | MULTIPURPOSE | MULTIPURPOSE |
| .RY | 09:30 | 11:30 | LIBRARY | LAW LIBRARY |

OR BLOCK II LAW LIBRARY.

---

NS                    DOOLY STATE PRISON                    May    12, 2014    05:20 PM

Page 63 of 63

| ame | Start Time | End Time | Report To | Activity Location |
|---|---|---|---|---|
| R INTERVIEW | 08:30 | 08:45 | MULTIPURPOSE | MULTIPURPOSE |

---

| ame | Start Time | End Time | Report To | Activity Location |
|---|---|---|---|---|
| R INTERVIEW | 08:30 | 08:45 | MULTIPURPOSE | MULTIPURPOSE |

---

| ame | Start Time | End Time | Report To | Activity Location |
|---|---|---|---|---|
| R INTERVIEW | 08:30 | 08:45 | MULTIPURPOSE | MULTIPURPOSE |

[illegible]

To: Warden G[illegible]ak

From: James Manuel Phillips Jr./G.D.C. #681762/K-4

Re: Unconstitutional Delay of LEGAL MAIL

Dear Sir,

This is to inform you that my Federal Appeal has been dismissed due to the fact that this institution has refused to send my indigent legal mail because I have no "ID". I have no "ID" as one of your officers took my "ID" when I was sent to J-1 (segregation) through no fault of my own. I was attacked by an inmate in K-4. I have written you, ID, and filed an informal concern which was denied and the counselor would not give me a formal grievance. I have been to ID twice and both times I was told to come back later.

(1)

I have also filed copies of my PRIOR notice to
you and the others with the Federal District
Court. I believe that fact would be under:

"cc: file, U.S. District Court"

on your letter.

I humbly request one last time for an ID to
be issued to myself.

Respectfully, submitted,

X. OF Phillips-X.

cc: file ; U.S. District Court ; United States Court
    of Appeals (11th Circuit).

P.s.

I will have to borrow stamps to send this as
I am indigent and this institution will not send
my mail without "ID".

November 5, 2014

To: Mailroom / Admin.

From: James Manuel Phillips Jr. / #681762 / K-4-8B

RE: Indigent Mail

Dear Sir or Madam,

I am in the U.S. Court of Appeals for habeas corpus. I am in need of a copy of my "indigent" mailings from May 1, 2014 thru July 31, 2014 for the court to show "time" of mailing. There can only be a few items. And as you may know I am indigent and cannot pay for these items for the court. If for any reason you cannot do this for me, please send me a Rejection Notice so I will have "proof" for the court to show "need" for a court order.

Thankyou for your time and any consideration in this important matter.

Respectfully submitted,

Pro - Se

JMP
cc: file ; Court of Appeals

*Response to Request dated Nov. 5, 2014*

*NOT what I asked for!*

# History of Accounts

**Offender PHILLIPS JR, JAMES MANUEL - GDC ID681762**

Created On: 11/06/2014 @ 11:22

Outstanding Obligation Balance = $1,594.28

Click HERE to view Syscon account history.

Voucher

| Location | Opened | Closed | Spendable | Reserved | Receipts on Hold | Funds Balance | Detailed Acct Stmt |
|----------|--------|--------|-----------|----------|------------------|---------------|--------------------|
| WILCOX STATE PRISON | 01/27/2009 | | .00 | .00 | .00 | .00 | |
| WARE STATE PRISON | 07/18/2005 | 06/10/2008 | .00 | .00 | .00 | .00 | |
| TELFAIR STATE PRISON | 04/16/2003 | 07/14/2005 | .00 | .00 | .00 | .00 | |

### Obligations History

| Obligations | Balance |
|-------------|---------|
| DISCIPLINARY REPORT FEE-OLD | 268.00 |
| INDIGENT LOAN | 781.28 |
| MEDICAL CO-PAY | 215.00 |
| MONTHLY PROCESSING FEE | .00 |
| RX-COPAY | 155.00 |
| STATE COURT FILING FEE | 175.00 |

**No Court Charges Found.**

*© 1998 - 2002 Georgia Department of Corrections*

Send your system questions and recommendations to us

Date: June 22, 2015

To: Admin./Mailroom (Indigent Mail)

From: James Manuel Phillips Jr. #681762 /J-1-123

RE: Legal Mail

Dear Sir or Madam,
   I am in segregation in J-1 and I CANNOT come to the STORE to send my mail. Please come to J-1-123 if my mail needs verification that it is "mine" for it to go out. I need it to go out THIS week to meet court deadlines.
   Thanks in advance for any help on your part in this important matter.

Very Respectfully submitted,

James M. Phillips Jr.

JMP
cc: file

Attachment
"L-1"

Date: July 5, 2015

To: Lt. Harrell (J-1 Supervisor)

From: James Manuel Phillips, Jr. /#681762 /J-1-123

RE: Inmate Housing

Dear Lt. Harrell,

As you called the Ambulance when I had my heart attack June 30, 2013 you should remember me. Also, After my heart attack I wrote you and asked for a move to the faith-based dorm or the honor-dorm As I had been in honor-dorms before. I said then that I needed to get away from the "ETS" and asked for a two-man Non-smoking cell if possible due to my heart attack.

I am enclosing a letter to Mr McClain And other papers showing the serious danger of "Secondhand Cigarette Smoke" And of some of the evidence I have submitted to the U.S. Dist. Court And Dooly Superior Court.

To show "due diligence" for the court I Ask again to be moved to a two-man, Non-smoking cell. And As we both know

Pg. 1          Nxt. Pg. please

that cigarette smoking prevalent at Dooly S.P., I would also ask for a non-smoking cellmate such as the one I now have in J-1-123. I ask this because I have legal precedent by "Talal v. White, 403 F.3d 257, 264-65 (3d Cir. 2003). And this case came <u>before</u> the Georgia Smoke Free Air Act of 2005. (see cites enclosed).

If for any reason my humble requests cannot be met, I ask now to be moved to a single-cell in protective custody when you move my non-smoking present cell-mate back to population.

Respectfully Requested,
James M. Phillip Jr.

JMP
cc: File ; U.S. Dist. Court ; Dooly Superior Court.

Attachment
"L-2"

July 5th, 2015

Mr. James Manuel Phillips, Jr.
Dooly S. P. / G.D.C. #681762
P.O. Box 750 / J-1-123 (Segregation)
Unadilla, Ga. 31091-0750

Mr. McClain (Unit Manager, Dooly S.P.)
1412 Plunkett Road
Unadilla, Ga. 31091

RE: Inmate Housing

Dear Sir,
    This letter is meant only to inform,
and legally establish a formal request
for a non-smoking, two-man cell, with a
known non-smoker. And to establish U.S.
Constitutional notice of legal action in
The United States Dist. Court for the Middle
Dist. of Georgia (Macon Division, Case No: 5:15-
cv-00249-MTT-CHW).
    I suffer from a chronic heart and res-
piratory condition stemming from a 2013
heart-attack. (check w/medical). I complained
about "ETS" (environmental tobacco smoke) to

Pg. 1                    Nxt. pg. please

then warden Gramiak, the GA. Dept. of Corrections commissioner, ect.. (see "Index of Attachments" (enclosed) which will show some of the evidence I have sub- mitted to the courts. This was about two (2) months prior to my heart-attack. I asked them to be moved, And now I ask again to be moved away from the "ETS".

I am in J-1-123 (segregation) for "failure to follow" After I requested "Protective Custody" because of the "ETS" and threats from inmates due too my complaints about all the smoking in K-bldg. And around my bunk. I am being punished for trying to do as my doctors told me after my heart-attack. I am not to smoke or be around smoke. I DO NOT SMOKE. I am only trying to save my life by asking for a two-man cell with a non-smoking cellmate. My cellmate here in J-1-123 is such an inmate and when he is released from segregation I will renew my request for P.C. (protective custody). This is, as you should know, there is smoking, even back here in J-1. "Smokers are twice as likely to die from heart attack as are non-

Pg. 2                    Nxt. pg. please

smokers. It also creates a higher risk for cancer and strokes." Smoking is against Ga. Law. (see "Case Law Cites" enclosed; You & Your Heart, The Georgia Heart Center, The Medical Center of Central Georgia, Advancing Heart & Vascular Care, pg. 14, Risk Factor #1 - Smoking). "Secondhand smoke [ETS] causes thousands of deaths each year from lung cancer and heart disease in healthy NON-smokers." (emphasis mine; see above cite pg. 14).

Please do not become vindictive because of my legal action or my request for a two-man cell with a NON-smoker. I have endured smoking before my heart attack in D-bldg. And then for two (2) years in K-bldg.; I can't take the stress anymore. The smoke and the stress will kill me before long like it did Charlie Creasman only recently. Please help me not die from a second heart attack. I was lucky the first time, and I don't want lung cancer either, or a stroke.

Respectfully submitted,
James M. Stilley, Jr.

JMP
cc: file; U.S. Dist. Court; Dooly Superior Court; Lt. Harrell (J-1, supervisor).

Date: July 21, 2015

To: Chief Counselor

From: James Manuel Phillips Jr.
 G.D.C.#681762/J-1-123

RE: Grievance Procedure

Dear Chief Counselor,
 On June 17, 2015 I filed 3 grievances here in segregation and I have yet to receive a Receipt. I filed a 4th grievance and made a copy. I have yet to receive a Receipt for this one either.
 Now, I have a 5th grievance that I request to file with you in person and recieve a Receipt from you at that time. Will you please come to J-1-123.

Respectfully Requested,

James M. Phillips Jr.

JMP
CC: File; U.S. Dist. Court (Macon)

Date : August 3, 2015

To : Mr. Gill  (Library ; Law Library)

From : James Manuel Phillips, Jr./G.D.C. #681762
J-1-123 (Seg.)

RE: Legal forms and Supplies

Attachment
"M-B"

Dear Mr. Gill,

I have four litigations going at this
time. You may verify the following civil ac-
tion numbers. 11th Circuit Court of Appeals:
14-11910-F ; U.S. Dist. Court (Macon): 5:15-cv-
00249-MTT-CHW ; Houston County Superior
Court: 2015-V-112998-L, or 112988-L, or 1129
24-K (I'm still trying to find out which of
these three is correct); Dooly County Superior
Court: 15DV-0089.

Two weeks of the last three either you
didn't come to Seg. or somehow I missed
you. As you might imagine, with four cases
I really need the things I have requested.
Can you please see that I get it even
if you yourself don't come to Seg.?

Pg. 1                         nxt. pg. please

I give my word that I _will_ return every-
thing I am required to return. And in
that respect, I signed for three (3) things
last time but only received two (2).

I _really_ need the law I requested for
last week. And now, because I have Ten
(10) defendants I must serve in my federal
case (1983 forms) I need ten (10) forms
when I'm only allowed five (5) each month.
I also need Ten (10) federal <u>SUMMONS forms</u>, ten
(10) <u>Injunction or TRO forms</u> (federal) <u>if</u> you
have them. And ten (10) State forms (summons
and injunction) if you have them. I also need
as many "witness statement forms" and "formal
grievance forms" as I can get. They are <u>All</u>
for my litigation. (exhaustion of Remedies).
Also, it would help if I had a copy of the
forms you have available.

I hope you can _help_ at least a little.

All my Respect,

James M. Phillips Jr.

JMP
cc: File; U.S. Dist. Court.

Please send this back. I've enclosed this "service" to show you the defendants. The Fed. and State defendants are the same. Most likely, McClain and Lt. Harrell will be added. So, I may need two more 28-U.S.C. §1983 forms and coinciding State forms.

I can REALLY use any help I can get.

Thanks
Phil

Civil Action No. _15DV-0089_____

Date Filed _06/24/2015_____

Attorney's or Plaintiffs Address:

JAMES MANUEL PHILLIPS, JR.
DOOLY STATE PRISON    #681762
P.O. BOX 750
UNADILLA, GA. 31091

Name and Address of Party to be Served:

*Tom Gramiak, Warden*
DOOLY STATE PRISON
PLUNKETT ROAD
UNADILLA, GA. 31091

**STATE OF GEORGIA**
**DOOLY COUNTY   SUPERIOR COURT**

JAMES MANUEL PHILLIPS, JR.

#681762

Plaintiff(s)
Vs.

GOVERNOR NATHAN DEAL:BRYAN OWENS,
COMMISIONER OF THE DEPT. OF CORRECTIONS;
TOM GRAMIAK, WARDEN OF DOOLY STATE PRISON:
DR. RICHARD OSTER: TAYLOR REGIONAL HOSPITAL
GLEN JOHNSON, WARDEN, DOOLY STATE PRISON;
UNKOWN STAFF OF DOOLY STATE PRISON: SGT.
TAYLOR, SGT. LESTER, SGT.TEMPLE AND LT.
HORSEY ALL OF DOOLY STATE PRISON

DEFENDANTS

*Return to:*
*C.S.C. - Dooly*

*Return to:*
*C.S.C. - Dooly*

**FILED IN OFFICE**
7-21-15 M

*Patsy Bridges*

DEPUTY CLERK OF SUPERIOR COURT
DOOLY COUNTY, GEORGIA

**SHERIFF'S ENTRY OF SERVICE**

I HAVE THIS DAY SERVED THE WITHIN ACTION AND SUMONS AS FOLLOWS:

**[ ] PERSONAL**
The following named defendant with a copy.

**[✓] NOTORIOUS**
By leaving a copy of the action and summons at the most notorious place of abode in the county:
TOM GRAMIAK  WARDEN
Delivered the same to ____SUE BUCKERY_____ described as follows: approximate
age _____ years; approximate weight _____ pounds; approximate height _____ feet and
_____ inches, living at residence of the defendant.

**[ ] CORPORATION**
By leaving a copy with _____, in charge of the place of business of
the corporation in _____ County.

**[ ] TACK & MAIL**
By posting a copy to the door of the premises designated in the affidavit and, on the same day, by
depositing a true copy with first class postage in an envelope, address shown in the summons with
adequate notice to answer the summons at the place stated in the summons.

**[ ] NON EST**
Did not serve because after a diligent search the defendant could not be found in the jurisdiction of the
court. ✓H

This _14_ day of _July_____, _2015_

SHERIFF DOCKET _____ PAGE _____.

*Cpt Haig Rud P.4*

DEPUTY / CONSTABLE

PHILLIPS, JAMES GDC# 681762
J1-123

WE HAVE GIVEN YOU THE LAST OF THE MIDDLE DIST. 1983 FORMS PLUS SOME FROM THE
SOUTHERN DIST. . WE ARE DOING ALL WE CAN TO MEET YOUR REQUESTS.
WE DO NOT HAVE SUMONS FORMS (FED. NOR STATE). NOR DO WE HAVE T.R.O. FORMS.
WE HAVE ENCLUDED SOME AFFIDAVITS IN PLACE OF "WITNESS STATEMENT FORMS" YOU
REQUESTED.   UNDER S.O.P. POLICY NUMBER 227.03 (IIA14-0001) WE ARE ONLY MANDATED
TO HAVE A LIMITED SELECTION OF FORMS.  WE WILL SEND ALL WE HAVE AVAILABLE
UPON YOUR REQUEST.
YOU HAVE TO GET THE FORMAL GRIEVANCE FORMS FROM YOUR COUNSELOR.

The Affidavits Above were taken from me when
I Arrived At Washington State Prison by Sgt. James.
I can only Assume this As I did not see my property
After it was put on the transfer bus Again until it
was given to me in my segregation cell. At least
what was left of it. Sgt. James signed the D.R.
And the form taking my property from me. However,
Not half of what was Actually taken was on the list.
Such things As my finger-nail-clippers And tweezers.

by Affirmation
Jnr. H. Phillips Jr.
1 U.S.C. 3 |

<u>AFFIDAVIT</u>

I, James Manuel Phillips, Jr. born March 23, 1953 at Brookley A.F.B. Mobile, Alabama, G.D.C. #681762 do hereby make the following statements under penalty of perjury and affirm by placing my signature below.

I have been <u>totally</u> indigent for the past sixteen and one half years. I have Ø funds on my inmate account, withheld or otherwise. I owe the state over sixteen hundred dollars. The <u>only</u> person on my visitation list is my attorney. The <u>only</u> person on my phone list is my attorney. I spent 1-year in segragation at Telfair S.P. <u>just</u> to get a transfer for my well-being and safety. I am in the 11th Circuit Court of Appeals and I was <u>just</u> appointed federal counsel. I am also in the U.S. District Court for the Middle District of Georgia, Macon Division, as well as in Dooly County and Houston County Superior Courts. I have <u>NEVER</u> had a case dismissed as "frivolous" or for "failure to state a claim." I have been denied <u>several</u> constitutional rights here at Washington S.P. starting with the illegal seizure of my legal books I have had at Ware S.P., Wilcox S.P., Jenkins

prison and Dooly S.P. Along with other <u>legal</u> material. S.O.P. states I may have eight (8) <u>personal</u> books. Legal and Religious books and material <u>do not</u> count as personal books. In any case I <u>was not</u> given any choice as to what books to keep and my property was searched, seized, and destroyed outside my presence. It is claimed my property contained a cell-phone battery and a cell-phone screen. On 8/6/15 my cell in <u>segragation</u> was searched with a wand (metal detector) and a cell-phone was allegedly found. If there was a cell-phone battery in my property it <u>would</u> have been found by the C.E.R.T. team that searched my property. I had <u>no</u> cell-phone battery and I have not been out of segragation.

by Affirmation,

This 2nd day of September, 2015.

X̲y̲u̲s̲ M. Phillips Jr.̲
James Manuel Phillips, Jr.
18 U.S.C. 1

Attachment 11
SOP IIB02-0001
7/25/2014
DOC50951

# DISCIPLINARY REPORT

Dooly State Prison                                    548              TPM/  MAX DATE
_____        _____        _____
**INSTITUTION NAME**                              **CODE #**

**I.  Offender:** Phillips, James                    M1          681702
    Name:   Last, First, M.I.                    Security      ID Number

**II. Offense Data:**

A.  Charge

| | Code | Plea | Finding | Charge | | Code | Plea | Finding |
|---|---|---|---|---|---|---|---|---|
| 1. Unauthorized possession of a | D3l | | | 4. | | | | |
| 2. wireless device | | | | 5. | | | | |
| 3. | | | | 6. | | | | |

8-6-15              0610              Lt. Dewell Rollins
_____        _____        _____
Date              Time of Offense              Signature of Reporting Official

B.  Factual Statement: On 8-6-15 at 0610, while conducting a search in J-1 123, (1) black Airotarola cell phone was discovered inside of the legal material of Phillips, James #681702 (Inmate). Photos were taken and a chain of custody was done. The contraband was placed in evidence locker inside front entry.
_____
_____

C.  Reviewed by the appropriate Supervisor  Lt Williams Phelps Lt Chief P        8   6   15
                                    Signature                            mo.  dy.  year

D.  Charges served on accused  8   6   15   1610  Michael Felton COII   /   Michael Felton COII
                        mo.   dy.   yr.   time        Signature of Official

**III. Investigative Report:**

A.  Summary of Investigation: _____
    _____
    _____
    _____
    _____

B.  _____        _____        _____
        Title                    Signature              mo.   dy.   year

C.  Advocate's Name: _____

**IV. Hearing Officer's Recommendation:**

Greatest _____ High _____ Moderate _____ Low _____

                    _____        _____
                        Signature              mo.   dy.   year

**V.  Disposition of Disciplinary Hearing:**

A.  Justification for findings: _____
    _____
    _____

B.  Action Recommended: _____
    _____
    _____

C.  T.P.M. extension: _____        Isolation _____

D.  Inmate advisesd of his/her right to appeal  _____        _____
                                    YES          NO

_____        _____        _____
Signature of Disciplinary Hearing Officer        Time of Hearing        mo.   dy.   year

RETENTION SCHEDULE: Upon completion, this form shall be placed in the offender's case history file. (Paragraph I.G.)

Attachment 11
SOP IIB02-0001
7/25/2014
DOC50951

DR
#576395

# DISCIPLINARY REPORT

TPM/ MAX DATE

Dooly State Prison
**INSTITUTION NAME**

CODE # 548

Security M.I.

ID Number 681762

**I. Offender:** Phillips, James
Name: Last, First, M.I.

**II. Offense Data:**

A. Charge     Code    Plea    Finding    Charge        Code   Plea   Finding

1. Unauthorized possession for   D3L   NGP   G    4. _____
2. wireless device                         5. _____
3. _____                               6. _____

8-6-15         0610        Ofc Darrell Ralls CII/ Ofc Darrell Ralls II
Date       Time of Offense       Signature of Reporting Official

B. Factual Statement: On 8-6-15 at 0610, while conducting a search in J-1 123, (b) black Motorola cell phone was discovered inside of the legal material of Phillips, James #681762 (Inmate). Photos were taken and a chain of custody was done. The contraband was placed in evidence locker inside front entry.

C. Reviewed by the appropriate Supervisor   Lt. William Rigdon/ Lt. Wlaalkf
                                             Signature                         8   6   15
                                                                     mo.   dy.   year

D. Charges served on accused   8    6    15    1610   Michael Felton CoII/ Michael Felton CoII
                                       mo.    dy.    yr.    time          Signature of Official

**III. Investigative Report:**

A. Summary of Investigation: Negotiated Plea

B.    OTD       G Sutt coII Annie Sutton coII    8-17-15
     Title               Signature          mo.   dy.   year

C. Advocate's Name:   Na

**IV. Hearing Officer's Recommendation:**
Greatest      High     Moderate ✓     Low
                                                         8-18-15
                              Signature                   mo.   dy.   year

**V. Disposition of Disciplinary Hearing:**

A. Justification for findings: Negotiated Plea

B. Action Recommended: 90 days Store, phone, + packages must 60 days comm. rest, A/OP — 60 days comm. rest. ENTERED / Recommended Disciplinary Sanction Na

C. T.P.M. extension:   Na       AUG 25 2015

D. Inmate advised of his/her right to appeal   YES    NO ✓
                                        DOOLY STATE PRISON     8-18-15

Lt. Hall
Signature of Disciplinary Hearing Officer       11:51
                            Time of Hearing      mo.   dy.   year

RETENTION SCHEDULE: Upon completion, this form shall be placed in the offender's case history file. (Paragraph I.G.)

Attachment 11
SOP IIB02-0001
7/25/2014
DOC50951

# DISCIPLINARY REPORT

_Washington State Prison_                    _552_          | TPM/ MAX DATE
INSTITUTION NAME                             CODE #

**I. Offender:** _Phillips, James_                    _Med_        _681762_
Name:   Last, First, M.I.                              Security      ID Number

## II. Offense Data:

A. Charge                Code    Plea   Finding    Charge                  Code   Plea   Finding

1. _Possession of a_     _D3L_   ___    ___     4. _____      ___    ___    ___
2. _cellular device_     ___     ___    ___     5. _____      ___    ___    ___
3. _____      ___     ___    ___     6. _____      ___    ___    ___

_8/18/15_            _7:20pm_              _Sgt Cohens James Po.+/ Sgt Cpl_
Date                 Time of Offense           Signature of Reporting Official

B. Factual Statement: _On 8/18/15 at approx 7:20pm while searching inmate James Phillips 681762 property I (Sgt Cohens James) observed (01) Motorola battery hidden inside of inmate Phillips tagbskie shirt pocket, and (01) cellphone screen inside of his case book. Contraband was placed inside a evidence bag and secured in evidence locker._

C.   Reviewed by the appropriate Supervisor _____        _8_  _11_  _6_
                                             Signature                     mo.  dy.  year

D.   Charges served on accused _____
                                   mo.    dy.    yr.    time     Signature of Official

## III. Investigative Report:

A.   Summary of Investigation: _____
_____
_____
_____
_____

B.   _____  _____  _____
            Title                          Signature              mo.  dy.  year

C.   Advocate's Name: _____

## IV. Hearing Officer's Recommendation:

Greatest _____ High _____ Moderate _____ Low _____

                         _____
                                    Signature                        mo.  dy.  year

## V. Disposition of Disciplinary Hearing:

A.   Justification for findings: _____
_____
_____

B.   Action Recommended: _____
_____
_____

C.   T.P.M. extension: _____  Isolation _____

D.   Inmate advisesd of his/her right to appeal  _____   _____
                                                  YES      NO

_____  _____  _____
Signature of Disciplinary Hearing Officer       Time of Hearing       mo.  dy.  year

RETENTION SCHEDULE: Upon completion, this form shall be placed in the offender's case history file. (Paragraph I.G.)

Attachment 11
SOP IIB02-0001
7/25/2014
DOC50951

# DISCIPLINARY REPORT

_Washington State Prison_          A552-15-          TPM/ MAX DATE  580,038
INSTITUTION NAME                   CODE #

nder: _Phillips, James_                    _Med_        681762
Name: Last, First, M.I.                  Security      ID Number

## II. Offense Data:

A. Charge          Code   Plea   Finding   Charge          Code   Plea   Finding

1. _Possession of a_   D3L   NG   G      4. _____
2. _Cellular device_                     5. _____
3. _____                       6. _____

_8/18/15_          _7.20pm_          _Sgt Coburn James Part / Sgt Cgl_
Date               Time of Offense        Signature of Reporting Official

B. Factual Statement: _On 8/18/15 at approx 7.20pm while searching inmate James Phillips 681762 property + J (Sgt Coburn James) observed (01) Motorola battery pack/case. Inside it inmate Phillips uptake a vict group, and (01) cellphone. Officer inside it his case book. Contraband was placed inside a evidence bag and secured in evidence locker_

C. Reviewed by the appropriate Supervisor  _Sgt Whitfield, Barry_      _8 - 19 - 15_
                                           Sgt Whitfield, Barry         mo.  dy.  year

D. Charges served on accused _08-19-15_   _1658_   _Charles A. Robinson C02_
                              mo.  dy.  yr.   time    Signature of Official

## III. Investigative Report:

A. Summary of Investigation: _Based on the evidence along with the factual Statement, a hearing recommended._

B. _COII_   _Wanda Atkins / Wanda Atkins_   _9/1/15_
   Title            Signature                mo.  dy.  year

C. Advocate's Name: _____

## IV. Hearing Officer's Recommendation:

Greatest  ✓   High ___   Moderate ___   Low ___

_Lt Ella Worley_                _9  3  15_
Signature                        mo.  dy.  year

## V. Disposition of Disciplinary Hearing:

A. Justification for findings: _Based on the evidence stated in the factual statement_

B. Action Recommended: _90 days store, telephone and package starts 11-15-15 to 2-13-16_

C. T.P.M. extension: ___0___          Isolation ___0___

D. Inmate advised of his/her right to appeal  ✓ YES   ___ NO

_Lt Ella Worley_                _0913_          _9  3  15_
Signature of Disciplinary Hearing Officer   Time of Hearing   mo. dy. year

RETENTION SCHEDULE: Upon completion, this form shall be placed in the offender's case history file. (Paragraph I.G.)

Date: August 20, 2015

To: Law Library

From: James Manuel Phillips, Jr./#681762/E-105 (Seg.)

RE: Indigent Legal Supplies

Dear Sir or Madam,

I arrived here on Aug. 18, 2015. I have <u>four</u> (4) active litigations, Two in federal court and Two in state court. I <u>need</u> indigent legal supplies and request forms for such. Please help me with this need A.S.A.P..

Respectfully,

James M. Phillips Jr.

JMP

cc: file ; U.S. Dist. Court Macon (5:15-cv-00249-MTT-CHW)

Mr. James Manuel Phillips, Jr.
Washington State Prison
G.D.C. # 681762/E-1-105
P.O. Box 206/Long Term Seg.
1324 Hwy. 24 East
Davisboro, Ga. 31018-0206


The Honorable Charles H. Weigle
United States Magistrate Judge
United States District Court
Middle District of Georgia
P.O. Box 128
Macon, Ga. 31202

RE: Case No. 5:15-cv-00249-MTT-CHW

   Your Honor,

   I humbly request your immediate help. I have
been given a retalitory transfer. I have been trans-
fered from Dooly State Prison to Long Term segra-
gation at Washington State Prison. They have taken
all my ~~legal books~~ legal books except my 2006 George-
town Law Journal and my pocket law dictionary.
They have taken many other legal papers and legal
booklets as well as my Webster's Dictionary. They
have greatly hampered and/or obstructed my ability
to a full and fair litigation. This action somewhat

                    Pg. 1              Nxt. pg. please

MIRRORS MY ARRIVAL AT Dooly S.P. AND MY issue AT present where C.E.R.T. team Sgt. Temple AND two other officer's took legal AND Religious books. Here it is C.E.R.T. team Sgt. James AND it is much worse. And All my electronics — CD-player, head-phones OR earbuds, battery charger, Adaptor ect. — were left at Dooly because they would not give them to me. I am on 24 hr. lockdown with only <u>maybe</u> 15 minutes to shower. I am truly starting to fear for my life. I have a heart condition And this trans-fer was not easy. I still have bruises on my arms from the handcuffs. It's been 5-days. I was having chest pain and they wouldn't let me take a nitro-tablet until I saw the nurse And she took them from my handcuffed hands And put one in my mouth under my tounge because my blood pre-sure was sky high. On top of that Sgt. James told the nurses we weren't to get anything special, meaning whatever was on our medical profiles. Also, they took my shower shoes And I have been forced to either shower barefoot or not shower. Also, while getting on the transfer bus at Jackson S. P. I fell over while trying to put my property on the bus because of chest pain. One of the bus drivers,

Pg. 2                    Nxt. pg. please

A black man, put my property on the bus for me and an inmate —— both of us handcuffed and shackled —— helped me off the ground. It is unheardof for an officer to help with property. I guess he took a look at my age and obvious condition and had an attack of compassion, Miracles do still happen. I sure didn't expect his help. I write all this in hope of at least one person knowing what happened if they kill me. I have no immediate family as they have all passed-away or were killed in accidents. Both my mother and father were federal civil service and retired before they passed-away. Please do something to help me. I feel sure this is all retaliation for my litigation, I only want to live to get out of prison, and secondhand cigarette smoke WAS killing me, and I tried everything else before taking legal action, I suffered for TWO YEARS after my heart attack, I need an injunction or something. They took both my books that would tell me how to ask for one, so I'm asking here. Please make them give my books back. I need a court order. Something.

This 23RD day of August, 2015.

Respectfully Requested,

x _C. M. Phillips Jr._

By Affirmation I U.S.C. §1

Date: August 24, 2015

To: Law Library

From: James Manuel Phillips, Jr./#681762/E-1-105 (Seg.)

RE: Legal Material

Dear Sir or Madam,

I have been transferred from Dooly S.P. with FOUR ongoing litigations. I need legal supplies. I am indigent. I have no forms and I requested forms each day here in "Long Term Segregation". I also hereby request the address of the local magistrate or probate court. If you don't have this, please send me the Washington County Superior Court address as I intend to file litigation against Washington. I also would like to request five (5) State Civil Action forms and five (5) 28 U.S.C. §1983 forms for this U.S. District. I also need the S.O.P. for D3L "Possession of a cellular device". Also, O.C.G.A. §9-6-20.

Respectfully Requested

James M. Phillips Jr.

JMP
cc: file

August 27, 2015

James Manuel Phillips, Jr.
Washington S.P./#681762
P.O. Box 206/E-1-105(Seg.)
Davisboro, Ga. 31018-0206

Office of Investigations and Compliance
Inmate Affairs and Ombudsman
300 Patrol Road
Forsyth, Ga. 31029

RE: Retalitory Transfer/Seizure of Legal Books

Dear Sir or Madam,

My U.S. Constitutional and Georgia Constitutional rights are being not only violated, but obliterated.

I wrote you last on August 14, 2015 about my 2600 cal. diet. I believe the retaliation also relates to that complaint among others, such as my litigations against Dooly. Now I have been transferred to Washington, put in "long term segragation" and my legal books and medical information I received when I had my heart-attack, have been seized and/or destroyed. I have notified the courts, but I seek your intervention as part of due diligence. The prison, especially C.E.R.T. team Sgt. James, is dead wrong to take legal books I have had at four (4) other prisons. They have put me in a cell for 24 hrs. a day <u>barefoot.</u> They <u>took</u> my orange shower shoes and

Pg. One                    Nxt. pg. please

my medical issue tennis shoes. They took many items that they _did_ _not_ give me a property sheet for, and I was shiped or transfered __WITHOUT__ my property being inventoried, and I __WAS__ __NOT__ given my property that was put in the property room when I was put in seg-ragation for asking for protective custody. I hope it's still at Dooly _IN_ the property room, because I DID NOT sign for it, and I _have_ the inventory sheet. I also have inventory sheets for my legal books and other items, taken here at Washington, from Wilcox, Jenkins and Dooly. And this is _not_ the first time my property has been taken. "Dooly" also took legal books and my bible and I have __NEVER__ signed for them to be destroyed. _Special_ _note_ should be taken that the signature for "option" (1) or (2) __DOES__ __NOT__ Allow for destruction of the property __UNLESS__ you fail to "...choose either option within seven (7) days...". Also, there is a place to sign for the property to be de-stroyed _And_ a place to sign where it "...has been __STORED__..." (emphasis mine). NONE of the items on the "Inmate Property Disposal Agreement" are contraband. And it _is_ noted upon my signature that I signed this so-called "Agreement" __under__ __duress__. And "[P]rison officials cannot permanently take property they have already allowed in prison" __Hardwick v. Ault,__ 447

Pg. Two                    Nxt. pg. please

F. Supp. 116, 132 (M.D. Ga. 1978).

Sgt. James, the individual that wrote the "Inmate Property Disposal Agreement" is a prevaricator, And I believe I can prove this fact. And I am sure she cannot prove her false claims about my books. I can, and will, produce witnesses and evidence to support the truth of my claims, and submit that she cannot.

I look forward to your investigation of this matter And I hereby Affirm the full truth of my statements And writings above upon penalty of perjury by placing my signature below.

Very Respectfully submitted,

This 27th day of August 2015.

x _James M. Phillips._

James Manuel Phillips, Jr.
(by Affirmation 1 U.S.C. § 1

JMP
cc: File ; U.S. Dist. Court, Middle Dist. (Macon)

# GENERAL LIBRARY AND LAW  LIBRARY DRESS CODE AND RULES

MUST BE STATE DRESSED AT ALL TIMES:  PANTS PULLED UP TO WAIST, SHIRT TAIL TUCKED INTO PANTS , AND NO HATS OR WAVE CAPS ALLOWED!  KEEP NOISE TO A MINIMUM AND BE RESPECTFUL.  DO NOT ARGUE WITH THE AIDES.  THEY ARE DOING WHAT THEY HAVE BEEN INSTRUCTED TO DO.  IF YOU DISAGREE WITH THEM, SEE THE LIBRARIAN.  WE WILL CHECK FOR ERRORS ON OUR PART, BUT NOT WHEN THE LIBRARY IS FULL.  VISIT THE LIBRARY ONLY ON YOUR ASSIGNED DAY, **I.E.** SOUTHSIDE ON MONDAY AND WEDNESDAY, NORTHSIDE ON TUESDAY AND THURSDAY.  OUTSIDE AND FULL TIME DETAILS ON FRIDAY. DO NOT CONGREGATE IN THE LIBRARY.  GET YOUR BOOK(S) AND CHECK OUT AS QUICKLY AS POSSIBLE.

## CHECKOUT PROCEDURES

1)  REMOVE CARD FROM THE BACK OF THE BOOK.
2)  **"PRINT"** YOUR NAME, GDC NUMBER, AND DORM ON ALL CARDS.
3)  AIDE WILL LIST YOUR BOOK(S) ON THE LOG SHEET.  YOU THEN **"PRINT"** YOUR NAME, GDC NUMBER, AND SIGN YOUR NAME ON THE RIGHT SIDE OF THE LOG.
4)  AFTER CHECKING OUT, IMMEDIATELY REPORT TO THE DESK, SIGN OUT AND LEAVE THE LIBRARY.

## NOTE

YOU ARE RESPONSIBLE FOR ANY BOOK(S) CHECKED OUT BY YOU.  THE BOOK(S) **MUST** BE RETURNED WITHIN SEVEN (7) DAYS.  YOU MAY RECHECK A BOOK **IF IT IS NOT LATE.**  YOU MAY CHECK OUT A MAXIMUM OF THREE BOOKS PER VISIT.  YOU MAY VISIT THE LIBRARY **ONLY ONCE PER WEEK.**  IF YOU LOSE A BOOK, YOU **WILL** BE WRITTEN A **D.R. AND** BE CHARGED REPLACEMENT COST.

## LAW LIBRARY

YOU MUST FILL OUT A REQUEST FORM EACH TIME TO BE PUT ON CALL OUT FOR THE LAW LIBRARY. YOU MAY REQUEST EXTRA TIME FOR THE LAW LIBRARY IF YOU HAVE **A VERY GOOD DOCUMENTED REASON!** LIBRARY CANNOT BE HELD RESPONSIBLE FOR WEATHER OR OTHER FACTORS WHICH MAY SHORTEN VISITS. THE LAW LIBRARY IS COMBINED WITH YOUR REGULAR LIBRARY CALL OF ONE VISIT PER WEEK.

## INDIGENT SUPPLIES

WHEN YOU COME TO THE LAW LIBRARY, FILL OUT YOUR REQUEST **BEFORE** 08:00 COUNT.  YOU WILL BE GIVEN YOUR MATERIALS DURING COUNT.  NO REQUEST MAY BE **"PICKED UP LATER"!**  YOU MUST BE **ACTUALLY** ENGAGING IN SOME FORM OF LEGAL WORK, **I.E.** CHECKING OUT VARIOUS LAW BOOKS AND/OR LAW COMPUTER USAGE TO RECEIVE INDIGENT SUPPLIES.

## NOTARY

IF YOU WANT SOMETHING NOTARIZED, YOU **MUST** HAVE AN I.D.  THE FORM MUST BE FILLED OUT PRIOR TO BEING NOTARIZED, **BUT NOT SIGNED!**  YOU SIGNATURE **MUST** BE DONE IN THE PRESENCE OF THE NOTARY.  THE BEST TIME TO HAVE SOMETHING NOTARIZED IS WHEN YOU ARE IN THE LAW LIBRARY DURING COUNT.

L. WILLIS
LIBRARIAN

*Page:22*

3. Inmate may keep personal clippings, etc., provided they fit into one 10x13-manilla envelope, which can be closed properly. Inmates may keep magazines, books, and newspapers in their personal possession up four (8) total items. All magazines, newspapers and books must come directly from the publisher. Any exception must be by specific Approval of the Warden or his designee. Any pornographic picture removed from magazines/books will be considered contraband and confiscated by security staff.

4. Commissary Items: The total value of accumulated commissary items (excluding special purchases and designated items, such as headphones, tennis shoes, etc.) will be limited to a one time weekly spending limitation.

5. Radios and Wristwatches: An inmate may not possess or own more than one each approved radio and wristwatch at any time. All radios must be engraved with the inmate's identification number and name at the time of purchase from the inmate store. Proof of ownership may be required wherever there is a dispute over ownership of a particular item.

6. Rings, wristwatches, and religious pendants: The <u>combined</u> value of <u>ALL JEWELRY can not</u> exceed $100.00. Again, proof of ownership may be required anytime there is a dispute over ownership of a particular article (or its assessed value).

## INDIGENT INMATE POSTAGE

For the purpose of legal postage; any inmate who does not have adequate funds as reflected on inmate account records, on the date of mailing to post first class letter, shall be considered indigent. An inmate is considered indigent if he has less than $5.00 in his account.

Indigent inmates will be provided postage for three (3) first class stamps for items of personal correspondence per week and five (5) first class stamps per week for legal mail. Inmates are allowed one exceptional legal mailing per month at a reasonable postage cost.

Inmates so defined who express a need for postage must complete an Indigent Postage Request Form. These forms are available in each housing unit and library.

Request forms should be completed and signed by the inmate and attached to the items requiring postage. **Note:** Your counselor must sign and approve the request forms. Both items should be sent to the mailroom in the regular outgoing inmate mail. The proper use of the Postage Request Form will expedite handling of outgoing mail and packages. All exceptional legal mailings must be pre-approved by the multimedia specialist (Librarian), or the Librarian officer assistant.

**Funds:** Funds for non-legal and legal mail/correspondence shall be provided to an inmate classified as indigent.

**Non-Legal Correspondence:** Upon request, indigent inmates shall receive stationary and envelopes sufficient to mail up to 3 first class letters per week with a maximum of three first class stamps for non legal material. If more than one first class stamp is required on the mailing, the inmate may elect to use his remaining weekly allotment (up to a total of 3 stamps) to satisfy postage requirements. Inmates not using three first class stamps in any one week may not accumulate the postage for any subsequent mailings. Inmates must use the Request for Indigent Postage form to request postage.

**Legal Correspondence:** Indigent inmates are allowed to mail legal correspondence until five (5) first class stamps is used. If the inmate fails to use all his weekly allotment, the remainder is forfeited. One exceptional mailing per month is allowed at a reasonable postage cost. The exceptional mailing may include documents mailed to more than one party (requiring separate envelopes), but must be copies of the same pleading in the same law suit (i.e. an inmate cannot prepare various pleadings in various law suits and send them all out at