IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JAMES MANUEL PHILLIPS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:15-CV-249 (MTT) |
| ) | |
| Governor NATHAN DEAL, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER**

After Magistrate Judge Charles H. Weigle conducted the preliminary screening of Plaintiff James Manuel Phillips, Jr.'s complaint required by 28 U.S.C. § 1915A, the Magistrate Judge ordered the following claims to proceed: (1) the Plaintiff's claims against Defendants Harrell and McClain for exposure to environmental tobacco smoke ("ETS") and (2) the Plaintiff's claims against Defendant Oster for deliberate indifference to medical needs. (Doc. 11). The Magistrate Judge recommends dismissing the Plaintiff's other claims. (Doc. 11). The Plaintiff has objected. (Doc. 26). Pursuant to 28 U.S.C. § 636(b)(1), the Court has reviewed the Plaintiff's objection and has made a de novo determination of the portions of the Recommendation to which he objects.

**I. DISCUSSION**

In his objection, the Plaintiff has asserted additional facts and attached exhibits to address some of the deficiencies in his complaint described in the Recommendation. Therefore, the Court will construe the objection as a motion to amend the complaint. *See Newsome v. Chatham Cty. Det. Ctr.*, 256 F. App'x 342, 344 (11th Cir. 2007) ("Although the form of those additional allegations were objections to the

recommendation of dismissal, the collective substance of them was an attempt to amend the complaint.  Because courts must construe pro se pleadings liberally, the district court should … consider[ the plaintiff's] additional allegations in the objection as a motion to amend his complaint and grant[] it.").  Accordingly, this motion is **GRANTED**.

### A. Seizure of Legal Books

#### 1. Access to Courts

The Magistrate Judge recommends dismissing the Plaintiff's access-to-courts claims related to the deprivation of his legal books because the Plaintiff has not alleged that he suffered an "actual injury."  (Doc. 11 at 9).  To show actual injury, "a plaintiff must provide evidence of … deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of prison officials." *Al-Amin v. Smith*, 511 F.3d 1317, 1332-33 (11th Cir. 2008) (citation and internal quotation marks omitted).

In his objection, the Plaintiff argues that his access to courts was obstructed because he needed the books to prepare his pending federal habeas action, which was dismissed in the United States District Court for the Northern District of Georgia.  (Doc. 26 at 22).  He contends that there is "obviously" more he could have done in the district court because the Eleventh Circuit has taken the case and appointed counsel even though the district court denied a certificate of appealability.  (Doc. 26 at 23).  At this very early stage in the proceedings, the Plaintiff's allegation that his habeas petition was dismissed because Temple deprived him of the benefit of his legal books, which he

needed to prepare his petition, is sufficient to survive frivolity review. This claim may proceed against Temple.

**2. Due Process**

The Magistrate Judge recommends dismissing the Plaintiff's procedural due process claim arising from the seizure of the legal books because the Plaintiff has not alleged he attempted to pursue a civil action or that such a remedy is not available. (Doc. 11 at 10). Generally, due process requires the government to provide notice and an opportunity to be heard prior to the seizure of property. *Reams v. Irvin*, 561 F.3d 1258, 1263 (11th Cir. 2009). However, "[u]nder the *Parratt-Hudson* doctrine,[1] a random and unauthorized deprivation does not violate due process if the state provides an adequate post deprivation remedy." *Carmaco v. Miami-Dade Cty.*, 375 F.3d 1104, 1105 (11th Cir. 2004) (citing *Zinermon v. Burch*, 494 U.S. 113, 132 (1990)). Thus, the random seizure of an inmate's personal property simply does not give rise to liability under 42 U.S.C. § 1983 "if a meaningful post-deprivation remedy for the loss is available." *Lindsey v. Storey*, 936 F.2d 554, 561 (11th Cir. 1991). A civil cause of action for wrongful conversion provides an adequate post-deprivation remedy. *Case v. Eslinger*, 555 F.3d 1317, 1331 (11th Cir. 2009). Georgia law provides a civil cause of action for wrongful conversion. O.C.G.A. § 51-10-1.

In his objection, the Plaintiff states that he has pursued a civil remedy. (Doc. 26 at 32). However, it does not matter if the Plaintiff has pursued, or is going to pursue, a claim for conversion in the Georgia courts. Such a cause of action exists. Because the

---

[1] *Parratt v. Taylor*, 451 U.S. 527 (1981) (overruled in part on other grounds, by *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986)), and *Hudson v. Palmer*, 468 U.S. 517 (1984).

Plaintiff has an adequate post-deprivation remedy in the state court, there has been no due process violation. Accordingly, this claim is **DISMISSED with prejudice**.

## B. Environmental Tobacco Smoke Claims

The Magistrate Judge allowed the Plaintiff's claims against Harrell and McClain arising from exposure to ETS to proceed. (Doc. 11 at 14). He recommends dismissing the claims against Deal, Owens, Gramiak, Johnson, Taylor, Lester, Temple, and Horsey because the Plaintiff failed to allege the subjective component of this deliberate indifference claim. (Doc. 11 at 14).

> [A] prisoner can state a cause of action under the Eighth Amendment for exposure to ETS by "alleging that [prison officials] have, with deliberate indifference, exposed him to levels of ETS that pose an unreasonable risk of serious damage to his future health." As for the objective factor, the prisoner must show that he himself is being exposed to unreasonably high levels of ETS…. As for the subjective factor, the prisoner must show that prison authorities demonstrated a "deliberate indifference" to his plight.

*Kelley v. Hicks*, 400 F.3d 1282, 1284 (11th Cir. 2005) (quoting *Helling v. McKinney*, 509 U.S. 25, 35 (1993)).

In his objection, the Plaintiff alleges that he complained to Gramiak and Johnson about ETS during their daily inspections of the living conditions of each unit and when he met them on the compound. (Doc. 26 at 37). Furthermore, he "always make[s] sure the staff knows [he is] a heart patient." (Doc. 26 at 37). He also says he wrote letters to Gramiak and Johnson about the ETS problem. (Doc. 26 at 37). Very liberally construed, the Plaintiff has sufficiently alleged that Gramiak and Johnson demonstrated deliberate indifference because they were aware of the Plaintiff's medical condition and the danger ETS posed to his health. His claims against them may proceed along with those against Harrell and McClain.

### C. Retaliation

The Magistrate Judge recommends dismissing the Plaintiff's retaliatory transfer claim because he has failed to state who specifically retaliated against him and what protected conduct he engaged in that caused the Defendants to retaliate against him. (Doc. 11 at 14-15). In his objection, the Plaintiff states that Temple retaliated against him because the Plaintiff threatened to sue him for taking his legal books by force. (Doc. 26 at 23). Since it appears that the Plaintiff was transferred after he filed this suit, presumably he is asserting that he was transferred in retaliation for actually filing suit, not merely threatening to file.

"For an inmate to prevail on a retaliatory transfer claim, he must establish that (1) he engaged in constitutionally protected conduct; (2) the defendant's retaliatory act adversely affected the protected conduct; and (3) there is a causal connection between the retaliatory act and the adverse effect on the conduct." *Smith v. Fla. Dep't of Corr.*, 713 F.3d 1059, 1063 (11th Cir. 2013). Filing a lawsuit is protected conduct, and prison transfers are adverse actions for purposes of retaliation. *Smith v. Governor for Ala.*, 562 F. App'x 806, 815 (11th Cir. 2014). For the causal connection, the Plaintiff has alleged that he was transferred because he filed this lawsuit against Temple for confiscating his legal books. At this early stage in the litigation, these allegations are sufficient to state a claim for retaliatory transfer. The retaliatory transfer claim against Temple may proceed.

### D. Claims against Taylor Regional Hospital

The Magistrate Judge recommends dismissing the Plaintiff's claim against Taylor Regional Hospital because the Plaintiff "is attempting to hold Taylor Regional liable for

the actions of Defendant Oster" and has not alleged that the hospital had a policy or custom that led to the violation of his constitutional rights. (Doc. 11 at 16-17). The allegations in the objection do not cure this deficiency. (Doc. 26 at 40-41). Ordinarily, the Court would dismiss his claim without prejudice. However, the Court notes that the Plaintiff's claim against Taylor Regional Hospital will be barred by the statute of limitations if dismissed because the events giving rise to that claim occurred June 29, 2013. (Doc. 8 at 30-31). Thus, the dismissal will effectively be a dismissal with prejudice. *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993). Dismissal, however, is still appropriate.

    The Plaintiff has had numerous opportunities to allege a viable claim against Taylor Regional Hospital. The Plaintiff's original complaint, filed June 25, 2015, did not state a claim against the hospital. (Doc. 1). The Plaintiff was ordered to recast his complaint and "list each Defendant … in the body of the complaint and tell the Court exactly how that individual violated Plaintiff's constitutional rights." (Doc. 5 at 2). After being ordered to show cause why his action should not be dismissed for failure to comply with the Court's Order, the Plaintiff responded by filing a 146-page complaint. (Docs. 7-8). The Plaintiff alleged that "Taylor Regional Hospital denied … [him] his fundamental constitutional right to medical care under the Eighth Amendment to the U. S. Constitution as Doctor Richard Oster carelessly and recklessly, with total disregard to my apparent serious medical need, discharged this Plaintiff from Taylor Regional Hospital ... with no other apparent reason than to save money." (Doc. 8 at 31). The Plaintiff then filed a "Supplemental Claim or Pleading" that contained no allegations against Taylor Regional Hospital. (Doc. 10).

When the Magistrate Judge recommended that Taylor Regional Hospital be dismissed from this action because the hospital cannot be held liable for the actions of Dr. Oster, the Plaintiff was told that his submissions to the Court were "devoid of any allegation that Taylor Regional Hospital had ... a policy or custom that led to the violation of his constitutional rights." (Doc. 11 at 17). The Plaintiff objected to this recommendation by filing an additional 390 pages with the Court. (Doc. 26). The only additional information the Plaintiff provided regarding Taylor Regional Hospital was the conclusory allegation that "Dr. Richard Oster is a policy-maker for Taylor Regional Hospital or enforcer of the policy of the hospital." (Doc. 26 at 17-18, 40-41).

In short, Taylor Regional Hospital "cannot be faulted for the conduct of its employees." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992). And, despite multiple opportunities, the Plaintiff has failed to sufficiently allege that Taylor Regional Hospital is directly responsible for the violation of his constitutional rights.

Moreover, even if the Plaintiff could attribute liability to Taylor Regional Hospital directly, as opposed to vicariously, the Plaintiff has still failed to state a claim for relief. "A successful section 1983 action requires a showing that the conduct complained of … was committed by a person acting under color of state law …." *Id.* The Plaintiff has not shown that any actions by Taylor Regional Hospital were made "under color of state law." *Id.* Specifically, Taylor Regional Hospital is a private party, as opposed to a state actor.[2] *Id.* at 130-31; *Hogland v. Athens Reg'l Health Serv.*, 2005 WL 4145738, at *9 (M. D. Ga.) (holding "actions by Medical Center were not undertaken under color of state law" so hospital cannot be liable under 42 U.S.C. § 1983).

---

[2] "Taylor Regional Hospital, an acute care facility, is a private, not for profit facility governed by a self-perpetuating Board of Trustees." Taylor Regional Hospital, http://taylorregional.org (last visited July 14, 2016).

There are certain limited situations in which a private party may be considered a state actor. A private party may be held liable as a state actor under § 1983 only if one of the following conditions is met:

> (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ('State compulsion test'); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ('public function test'); or (3) 'the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise[]' ('nexus/joint action test').

*Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) (quoting *NBC, Inc. v. Commc'ns Workers of Am.*, 860 F.2d 1022, 1026-27 (11th Cir. 1988)).

None of these conditions are met in this case. There is no indication the State in any way encouraged that the Plaintiff be discharged from Taylor Regional Hospital. Taylor Regional Hospital "is not performing a function that is traditionally the *exclusive* province of the Government. Traditionally, in the United States the greatest proportion of health care has been provided by for-profit hospitals, private physicians, churches, and charitable organizations …." *Hogland*, 2005 WL 4145738, at *9. In relation to the "nexus/joint action test," courts have held that extensive government regulation does not transform a private hospital into a state actor for purposes of liability under section 1983. *Id.*; *Harvey*, 949 F.2d at 1131 (holding that hospital not "a state actor under the nexus or joint action test").

Accordingly, Taylor Regional Hospital is **DISMISSED with prejudice** because the Plaintiff has had numerous opportunities to state a claim against Taylor Regional Hospital and has failed to do so. Moreover, the Plaintiff has in no way shown Taylor Regional Hospital is a state actor subject to liability under 42 U.S.C. § 1983.

## II.  CONCLUSION

The Court has reviewed the Recommendation and accepts the findings, conclusions, and recommendations of the Magistrate Judge except as modified in this order.  The Recommendation is **ADOPTED as modified** and made the order of this Court.  As ordered by the Magistrate Judge, the claims against Harrell and McClain for exposure to ETS and the claims against Oster for failing to provide adequate medical care may proceed.  (Doc. 11 at 18-19).  As discussed above, the Plaintiff has also now stated an access-to-courts claim against Temple, a claim for exposure to ETS against Gramiak and Johnson, and a retaliatory transfer claim against Temple.  The Plaintiff's due process claim and his claims against Taylor Regional Hospital are **DISMISSED with prejudice**.  All other claims are **DISMISSED without prejudice**.[3]

It is therefore **ORDERED** that service be made on Sergeant Temple, Warden Tom Gramiak, and Warden Glen Johnson and that they file an answer or such other response as may be appropriate under Fed. R. Civ. P. 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.  The Defendants are also reminded of the duty to avoid unnecessary service expenses and of the possible imposition of expenses for failure to waive service.  The Plaintiff is reminded of his duty to keep the clerk of court and all opposing attorneys advised of his current address, duty to prosecute this action, and the provisions regarding discovery in the Magistrate Judge's order.

---

[3] As far as the Court can tell, it does not appear that these claims will be barred by the statute of limitations if the Plaintiff files a separate civil action about these events.  If the Plaintiff believes that his claims will be barred, he may move to amend his complaint to cure the deficiencies in his allegations.  Furthermore, as the Magistrate Judge noted, if through discovery the Plaintiff later learns the names of "Unknown Staff of Dooly State Prison" or if he can sufficiently identify them for service, the Plaintiff may move to amend his complaint to join these defendants.  (Doc. 11 at 5-6).

-10-

**SO ORDERED** this 15th day of July, 2016.

                                                  S/ Marc T. Treadwell
                                                  MARC T. TREADWELL, JUDGE
                                                  UNITED STATES DISTRICT COURT