IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **JAMES MANUEL PHILLIPS, JR,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   Case No: 5:15-cv-249 (MTT-CHW) |
| | ) |
| **NATHAN DEAL, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**ORDER DENYING MOTION FOR RECONSIDERATION**

The Plaintiff has filed a Motion for Reconsideration (Doc. 57), by which he asks the Court to reconsider a previous Order granting the Plaintiff a little over two additional weeks to file a response to U.S. Magistrate Judge Charles Weigle's Report and Recommendation (Doc. 43). Doc. 51.

At the outset, the Plaintiff's Motion is arguably mooted by the Court's Order adopting the subject Report and Recommendation.[1] Doc. 58. However, the Court would deny the Motion even if it were not moot.

Pursuant to Local Rule 7.6, "Motions for Reconsideration *shall not be filed as a matter of routine practice.*" M.D. Ga., L.R. 7.6 (emphasis added). Indeed, "[r]econsideration of a previous order is an extraordinary remedy to be employed sparingly." *Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga.) (internal quotation marks and citation omitted). It "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Id.* "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate [his]

---

[1] The Plaintiff has appealed that Order. Doc. 61.

prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

The Plaintiff has not met this burden. He has not alleged an intervening change in the law nor presented new evidence previously unavailable to him. Moreover, the Court is not persuaded that its ruling was clearly erroneous.

The Report and Recommendation was entered on July 25, 2016. Doc. 43. The Plaintiff admits that he received the Report and Recommendation on July 28, 2016. Doc. 48 at 1. According to Federal Rule of Civil Procedure 72, the Plaintiff had 14 days after being served with the Report and Recommendation to file an objection. Fed. R. Civ. P. 72(b)(2).

On August 15, 2016, the Plaintiff filed a motion, signed August 10, 2016, requesting to have until September 5, 2016 to file an objection. Doc. 48. The Plaintiff's reasons for seeking this extension were: (1) medications that impact the Plaintiff's memory and physical abilities; and (2) being "obstructed by the circumstances of incarceration." *Id.* The Court granted this motion. Doc. 49.

On September 12, 2016, the Court received a second motion for extension, signed September 3, 2016. Doc. 50. The grounds for the Plaintiff's second motion were that on August 2, 2016, the "TAC-Squad shookdown the entire prison . . . and totally disrupted all my legal work and destroyed much of what I was working on. It has taken until a few days ago to reorganize and recoupe [sic] from the disarray and distruction [sic]." *Id.* The second motion did not ask for an extension of any particular duration.[2] *Id.* On September 13, 2016, the Court entered an Order granting the Plaintiff until September 19, 2016 (16 days from the signing of the Plaintiff's second motion) to

---

[2] The Plaintiff intimates that he failed to specify a date in his second motion because he was "rushed." *Id.* at 2. However, he offers no explanation for why his motion was rushed. (He mentions the shakedown incident, but that occurred August 2, 2016. Accordingly, the shakedown could not be responsible for creating any rush in filing his second motion for extension, which was signed over a month later, on September 3, 2016.)

file his objection.

The Plaintiff complains that he did not receive the Court's grant of his request for extension until September 20, 2016, one day after the Court's extended deadline. Doc. 57 at 1. However, the Plaintiff overlooks that he was not entitled to another extension, and should have attempted to comply with the Court's order; by the time he received the Order as to which he seeks reconsideration, the Plaintiff had already had nearly two months to file an objection.

The Plaintiff states that he "failed to make it clear some of his work product was Destroyed" in the shakedown, and that his mention of needing to "reorganize and recoupe [sic]" meant that he had "just put all that [he] had left back in order so that [he] could start OVER." *Id.* He states that all he has completed is a new rough draft, and that he needs until October 31, 2016 to complete his work. *Id.* He emphatically maintains that "this is not my fault." *Id.*

In refusing to take any responsibility, the Plaintiff overlooks that he signed his first motion for extension on August 15, 2016, which was nearly two weeks *after* the shakedown. Docs. 48; 50. In that motion, he only sought extension until September 5, 2016. Doc. 48. The Plaintiff fails to explain why he did not account for the delay created by the August 2nd shakedown in his later-filed first motion for extension, let alone why any such delay was not sufficiently accounted for in the Court's 16-day extension granted in response to his second motion.[3]

Lastly, the Plaintiff mentions that he suffers medical conditions that give him severe headaches that have been exacerbated by a lack of proper medication. Doc. 57 at 3. The Court sympathizes, but it does not appear that this consideration excuses his failure. The Court has not denied any timely motion by the Plaintiff seeking additional time. The Plaintiff has had two months to file his objection. The Court's decision to

---

[3] As noted above, 14 days is the standard objection period under Rule 72(b).

grant the Plaintiff two additional weeks to file his objection was not clearly erroneous.

Accordingly, the Plaintiff's Motion for Reconsideration is **DENIED**.

**SO ORDERED**, this 23rd day of November, 2016.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
