# IN THE UNITED STATES DISTRICT COURT FOR
# THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| JAMES MANUEL PHILLIPS, JR., | ) |
| Plaintiff, | ) |
| v. | ) Case No: 5:15-cv-249 (MTT-CHW) |
| NATHAN DEAL, *et al.*, | ) |
| Defendants. | ) |

## ORDER

Plaintiff has filed a notice of appeal as to the Court's dismissal of his complaint and now, pursuant to the Eleventh Circuit's direction, moves in this Court to proceed on appeal in forma pauperis. Docs. 70; 72; 73. Applications to appeal in forma pauperis are governed by 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24. 28 U.S.C. § 1915 provides:

> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefore, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> (2) A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.
>
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly Federal Rule of Appellate Procedure 24(a) provides:

> (1) [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
> (A) shows . . . the party's inability to pay or to give security for fees and costs;
> (B) claims an entitlement to redress; and
> (C) states the issues that the party intends to present on appeal.
> (2) If the district court denies the motion, it must state its reasons in writing.

Thus, the Court must make two determinations when faced with an application to proceed in forma pauperis. First, it must determine whether the plaintiff is financially able to pay the filing fee required for an appeal. Plaintiff properly filled out this District's IFP form, affirming under penalty of perjury that he has no money and has had none for eighteen years. *Id.* However, he did not submit a certified copy of his trust fund account statement. It appears that Plaintiff failed to attached the trust account statement in reliance on the language of the IFP form, which requires "a certificate from prison authorities *if [the prisoner has] money in a prison account[]*." Doc. 73 at 2 (emphasis by Plaintiff). In light of the Court's experience with the prison's trust account procedures, the Court is skeptical that Plaintiff has absolutely nothing, not one penny, in his account. Moreover, despite the perhaps misleading language in the Court's IFP form, the mere fact that the Plaintiff has absolutely nothing in his trust account does not appear to relieve him of his statutory obligation to submit a certified copy of his trust account statement. On balance, however, the Court is inclined to find that Plaintiff has met the requirement of proving that he cannot pay the filing fee; however, the Court need not make this determination because the Court finds that Plaintiff's appeal is not taken in good faith.

"'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The plaintiff demonstrates good faith when he seeks review of a non-frivolous issue. *Id.*; *Morris v. Ross*, 664 F.2d 1032, 1033 (11th Cir. 1981). An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier*

*v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002). "Arguable means being capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted). "In deciding whether an [in forma pauperis] appeal is frivolous, a district court determines whether there is 'a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

Although Plaintiff has not submitted an affidavit that states the issues he intends to appeal, as is required under Federal Rule of Appellate Procedure 24(a)(1)(C), his notice of appeal asserts several reasons for his appeal. Doc. 70. These concerns have been thoroughly addressed either by the Magistrate Judge or by this Court. *See* Docs. 40; 43; 58; 64; 67; 68. Plaintiff has raised no issues with arguable merit. The Court has also reviewed its Orders for other potential grounds for appeal. *Cf. Hyche v. Christensen*, 170 F.3d 769, 771 (7th Cir. 1999), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000) (explaining that the arguments to be advanced on appeal are often obvious and decisions regarding good faith can be made by looking at the "reasoning of the ruling sought to be appealed" instead of requiring a statement from the plaintiff). The Court's review of its Orders demonstrates that Plaintiff's appeal is frivolous. The appeal, therefore, is not brought in good faith. Consequently, Plaintiff's application to appeal in forma pauperis (Doc. 73) is **DENIED**.

If Plaintiff wishes to proceed with his appeal, he must pay the entire $505 appellate filing fee. Because Plaintiff has stated that he cannot pay the fee immediately, he must pay using the partial payment plan described under 28 U.S.C. § 1915(b). Pursuant to 28 U.S.C. § 1915(b), the prison account custodian where Plaintiff is confined shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Plaintiff's account (to the extent the

account balance exceeds $10) until the $505 appellate filing fee has been paid in full. Checks should be made payable to "Clerk, U.S. District Court."

The Clerk of Court is **DIRECTED** to send a copy of this Order to the custodian of the prison in which Plaintiff is incarcerated.

**SO ORDERED,** this 12th day of July, 2017.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT